IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR NO. 05-00260 JMS |
| | ) | |
| v. | ) | MEMORAMDUM OF LAW |
| | ) | |
| JAMES LOW (1), | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

MEMORANDUM OF LAW

I. FACTS

In the instant matter James Low is charged in Count 1 with Conspiracy to Possess and Distribute Methamphetamine and Count 3 Prohibited Acts involving distribution of methamphetamine.

Mr. Low is 37 years old. He was born and raised in Hawaii, and is a lifelong resident of the Island of Oahu. He has one dependent fiancé who is currently living with relatives. Prior to this incident, he lived with his fiancé in a rented apartment on Oahu. Mr. Low does not possess a passport, he does not intend on any foreign travel, and was found NOT to be a flight risk. Since the incident, Mr. Low's finace has been hospitalized and is now out of the hospital residing with Mr.

Low's parents at their residence.  Mr. Low requests to be released pending his trial to care for his fiancé.

Mr. Low is in good physical health.  He reports no history of mental problems, he does not consume alcohol, but admits to using crystal methamphetamine prior to his arrest.

On January 24, 2006, counsel for defense and the Government agreed and stipulated to continue the trial date and excluding time under the Speedy Trial Act was filed.  The new trial date is May 2, 2006.

Mr. Low wants the opportunity to demonstrate and establish his ability to be a responsible adult and deal with his substance abuse problem.  Further, he wants to actively participate in the maintenance and care for his fiancé and her recovery after her hospital stay.

Additionally,  Mr. Low requests he be released pending trial to enter the Hina Mauka or Salvation Army, ATS drug treatment program on Oahu.

 That this incentive to prepare for return into community as a responsible adult and will compel Defendant to be compliant with all laws and thereby reasonably assure the safety of the community.  Further his physical commitment to a drug treatment program and a posting of a bond by a willing parent will reasonably assure the appearance of Defendant for the May 2, 2006 trial and

compliance with those terms and conditions the Court deems necessary for the safety of the public.

II. Argument

There are conditions the court can impose that would reasonably assure the protection of the community and the appearance of defendant herein.

18 USC 3142(f) provides, in relevant part, as follows:

> The [detention] hearing may be reopened before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community.

A detention hearing was held in this cause on two prior occasions. The government contended that, if released pretrial, Mr. Low would present a flight risk and would jeopardize the safety of others and the community.

However Judge Kobayashi made a finding that Defendant Low was not a flight risk but she was not assured on the issue of public safety. In the instant matter, Defendant would either live with his parents as well as care for his finace and deal with a substance abuse problem by entering into a drug treatment program while out. Defendant has a job and a mother who is willing to be a third party sponsor to ensure compliance with any release requirements. Mr. Low's parents are also willing to put up a bond to assure his attendance and compliance with

release.   Defendant has stated he wants to apply to Hina Mauka and will re-applied to Salvation Army, ATS, a short term residential program and thereafter an outpatient program to demonstrate and establish his sobreity and ability to refrain from illicit drugs.  Further, he wants to participate with the care and support of his fiancé who recently fell ill.  Again, his mother is willing to act to co-sign an unsecured bond.

The Bail Reform Act of 1984 requires the release of a person facing trial under the least restrictive conditions reasonably assure the appearance of the person as required and the safety of the community.  18 USC 3142(1)(1994); United State v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991).  Regarding the statutory requirements, the 9th Circuit has stated:  "The Fifth and Eight Amendments' prohibitions of deprivation of liberty without due process and of excessive bail require careful review of pretrial detention orders to ensure that the statutory mandate has been respected."  United State v. Motamedi, 767 F.2d 1403, 1405 (9th Cir. 1985).

The burden falls to the government to show by a clear preponderance of the evidence that Mr. Low poses a risk.  Further, the seriousness of the charges against the defendant and the weight of the evidence against him, when used to sustain a detention order, are the least important of the factors the court must consider under 3142(g), and do not warrant pretrial detention on their own because that would

result in de facto predetermination of the defendant's guilt.  U.S. Motamedi, Supra, 767 F.2d at 1408.

Although the burden of proof in the detention hearing is "clear preponderance of the evidence" rather than "beyond a reasonable doubt," that burden remains on the government.  In two cases in the 9th Circuit, pretrial detention was found to be unjustified under the Bail Reform Act, even though the cases involved serious drug offenses, that gave rise to the rebuttable presumption of detention, per 18 USC 3142(e).  United States v. Clark, 791 F. Supp. 259 (E.D. Wash. 1992); United States v. Chen, 920 F.Supp. 1205 (N.D. Cal. 1992).  After hearing on the merits, the Court found that the government had shown by a preponderance of the evidence that Mr.  Low was not a flight risk as he has lived on Oahu for his entire life.  His family all live in Hawaii.  He has extremely strong ties to Hawaii, is not believed to own a passport and will not travel abroad.

At the prior detention hearing, the Court was not convinced that Mr. Low was not a danger to the community.  However, Mr. Low's past criminal record and current criminal matter do not evidence a dangerous individual as contemplated under the Bail Reform Act.  He is not a violent person,  he has no prior record for crimes of violence and he will be kept busy  with a job with his father, substance abuse treatment and the care of his finace.

III. CONCLUSION

In the instant case, due to Mr. Low lifelong ties to his residence and community, his commitment to sobriety and the care of his fiance, and the potential of losing his parents' bond, release to the community to deal with his drug problem and family situation, should be granted.

Less restrictive means can be fashioned, such as bail, electronic monitoring, or some form of reporting requirements. His mother can co-sign and assist in getting bail if necessary.

DATED:  Honolulu, Hawaii: January 24, 2006.

_____
/s/MICHAEL J. PARK
Attorney for Defendant Low