EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Narcotics Section

MARK A. INCIONG  CA BAR #163443
Assistant United States Attorney
PJKK Federal Building
300 Ala Moana Blvd., Room 6-100
Honolulu, HI 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email: mark.inciong@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00260 JMS |
| | ) | |
| Plaintiff, | ) | UNITED STATES' MOTION |
| | ) | TO ADMIT 404(b) EVIDENCE; |
| v. | ) | CERTIFICATE OF SERVICE |
| | ) | |
| JAMES LOW, | ) | TRIAL DATE: May 9, 2006 |
| | ) | TIME: 9:00 a.m. |
| Defendant. | ) | JUDGE: Hon. J. Michael |
| | ) |         Seabright |
| | ) | |

UNITED STATES' MOTION TO ADMIT 404(b) EVIDENCE

COMES NOW the United States of America, by and through Edward H. Kubo, Jr., United States Attorney, and Mark A. Inciong, Assistant United States Attorney, and hereby files its motion to admit Rule 404(b) evidence in its case in chief.  Said motion is based upon the files and records of this case, together with the attached statement of facts and memorandum of points and authorities.

I

**STATEMENT OF THE CASE**

Defendant James Low is charged in a two-count indictment with conspiracy to distribute and possess, with intent to distribute, 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers; and possession, with intent to distribute, of 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and (b)(1)(A).

II

**STATEMENT OF FACTS**

A. **The instant offense.**

On June 8, 2005, Michael Silva was arrested for possessing, with intent to distribute, approximately 187 grams of methamphetamine. In a post-Miranda statement, Silva explained that his source of methamphetamine was Defendant James Low. Silva further stated that three days prior to his arrest, Low had "fronted" Silva one pound of "ice" which Silva had picked up from Low at Low's Canterbury Place residence located at 1910 Ala Moana Boulevard, Apartment 10C, Honolulu, Hawaii. Silva admitted that the ice found in his possession was the remainder of the one pound he obtained from Low.

Silva further explained that Low would "front" Silva a pound of ice for which Silva would later pay Low $20,000. Silva stated that he had met Low while they were cellmates in prison. Silva said after his release he ran into Low who propositioned

Silva to distribute drugs for him.  Silva said he accepted the offer and began distributing "ice" for Low.  Silva said he would pick up "ice" from Low at his 2121 Algaroba Street, #901 residence as well as the Canterbury Place apartment and also at the McCully Village apartments.  Silva added that Low drives a silver or white Toyota pickup and that Silva had seen large amounts of cash and drugs in both of Low's residences on Ala Moana Boulevard and Algaroba Street.

Silva then agreed to make a consensually recorded phone call to Low in order to arrange a meeting for Silva to give Low money he owed Low from previously "fronted" drugs and for Silva to pick up additional drugs.  The phone call was made and Low and Silva agreed to meet at Low's apartment at 2121 Algaroba Street, #901.  Silva was taken to that address by federal agents who arrested Defendant Low when he attempted to let Silva into the secured building.

Search warrants were executed on both of the aforementioned residences of Defendant Low.  At the Algaroba Street apartment, pound quantities of "ice" were discovered along with a money counter and other drug distribution paraphernalia. A search of the Ala Moana Boulevard apartment yielded nearly $150,000 in cash and over a pound of "ice."  A search warrant of a bedroom Low maintained at his parents' residence at 823 Onaha Street resulted in the seizure of $24,197.  Low's father stated that Defendant Low had purchased a plasma screen television, black leather recliner and several sculptures in the house

despite not having a job.  Another search warrant executed on a safety deposit box belonging to Low revealed $20,000 in cash along with jewelry and watches.  Finally, a search warrant executed at a storage locker in the Defendant's name resulted in the discovery of four firearms and several hundred rounds of ammunition.

A criminal history search for Defendant Low revealed three prior drug felony convictions from the State of Hawaii.

**B.    The January 23, 1995 Offense.**

On January 23, 1995, Defendant Low was arrested by Honolulu police for unauthorized control of a propelled vehicle.  A search warrant executed on a waist bag Low was wearing at the time of his arrest revealed a glass pipe and several zip lock bags containing a crystalline substance.  Analysis of the substance by the HPD Crime lab concluded the substance was methamphetamine with a total weight of 1.15 grams.

Defendant Low was subsequently convicted of Promoting a Dangerous Drug in the Third Degree, a felony drug offense, in violation of Section 712-1243 of the Hawaii Revised Statues, in the criminal case entitled State of Hawaii vs. James T. Low, Circuit Court of the First Circuit, Criminal Case Number 95-1922, and was sentenced on July 31, 1996 to a five year period of probation.  On July 7, 1998, Defendant's probation was revoked and Defendant was sentenced to five years imprisonment.

4

C.   **The March 1, 1995 Offense**.

On March 1, 1995, Daiei security personnel detained an individual who identified himself as John Lau for theft of store property.  A search of a hip bag worn by the male resulted in the discovery of three cellophane baggies containing what appeared to be a crystal, rocklike substance.  Also found was an ice pipe and Daiei merchandise.

Honolulu police responded and arrested the individual whose true identity was discovered to be James T. Low.  Analysis of the crystal substance by the HPD Crime Lab concluded that it was methamphetamine with a total weight of 0.515 grams.

Defendant Low was convicted of Promoting a Dangerous Drug in the Third Degree, a felony drug offense, in violation of Section 712-1243 of the Hawaii Revised Statues, in the criminal case entitled State of Hawaii vs. James T. Low, Circuit Court of the First Circuit, Criminal Case Number 95-1920, and was sentenced on July 31, 1996 to a five year period of probation.  On July 7, 1998, Defendant's probation was revoked and Defendant was sentenced to five years imprisonment.

D.   **The January 6, 1997 Offense**.

On January 6, 1997, Honolulu police responded to the Sears store at Ala Moana Center to investigate a shoplifting complaint.  Sears security agents related that they had detained a male, later identified as Defendant James Low, for shoplifting.  Low was taken to the security office where his backpack was searched.  Inside the backpack was a waist bag containing two

5

clear bags which held a white crystalline substance which appeared to by crystal methamphetamine.  Additional plastic bags and a glass pipe were also found.  HPD arrested Low.

Laboratory analysis was completed by the HPD Crime Lab and verified the substance seized from Low as .323 grams of methamphetamine.

On June 4, 1997, Defendant Low was convicted, by jury, of Promoting a Dangerous Drug in the Third Degree, in violation of Section 712-1243 of the Hawaii Revised Statues, in the criminal case entitled State of Hawaii vs. James Torao Low, Circuit Court of the First Circuit, Criminal Case Number 97-00068.  He was sentenced on July 7, 1998 to five years imprisonment.

### III

### POINTS AND AUTHORITIES

B.  **Defendant's Prior Felony Drug Convictions Are Admissible Under Fed. R. Evid. 404(b).**

The United States hereby notifies Defendant of its intention to offer evidence of Defendant prior arrests and convictions from 1995 and 1997 for possession of methamphetamine. This evidence will be offered to prove Defendant's knowledge that methamphetamine was in his two residences after he was arrested on the instant charges, as well as intent, motive, opportunity, absence of mistake and plan.

The United States can prove these facts by public record and will also offer testimony from the arresting officers

6

in those cases for the purpose of establishing the requisite similarities between the prior incident and the June, 2005 incident that is the subject of the present indictment.

> Federal Rule of Evidence 404(b) provides that Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The Ninth Circuit has "uniformly recognized that the rule is one of inclusion and that other acts evidence is admissible whenever relevant to an issue other than the defendant's criminal propensity."  United States v. Mehrmanesh, 689 F.2d 822, 830 (9th Cir. 1982).  Prior bad acts evidence is thus admissible "except where it tends to prove only criminal disposition."  United States v. Rocha, 553 F.2d 615, 616 (9th Cir. 1977).  Accord: United States v. Ayers, 924 F.2d 1468, 1472 (9th Cir. 1991); Heath v. Cast, 813 F.2d 254, 259 (9th Cir.), cert. denied, 484 U.S. 849 (1987); United States v. Herrell, 588 F.2d 711, 714 (9th Cir. 1978), cert. denied, 440 U.S. 964 (1979); United States v. Sangrey, 586 F.2d 1312, 1314 (9th Cir. 1978); United States v. Riggins, 539 F.2d 682, 683 (9th Cir. 1976), cert. denied, 429 U.S. 1045 (1977).  Rule 404(b) thus bars the introduction of evidence concerning prior criminal conduct or other bad acts by the defendant only if offered for the purpose of proving the defendant's bad character and implying that he acted in accordance with that bad character in the instant case.

In this case, the United States will offer facts which show the Defendant's prior involvement with methamphetamine to demonstrate that he knowingly possessed the narcotics found in his two residences. The conviction will also rebut any possible defense argument that Defendant was innocently present in the apartments while the drugs were placed there or possessed by another individual.

The admissibility of evidence under Rule 404(b) is evaluated using a four-part test. First, the evidence must tend to prove a material point at issue. Second, it must not be too remote in time. Third, the proof must be sufficient to support a finding that the defendant committed the other act. Fourth, in some cases, the prior act must be similar to the offense charged. If these four tests are satisfied, the court must then balance the probative value of the evidence against any prejudicial effect. United States v. Rude, 88 F.3d 1538, (9th Cir. 1996); United States v. Corona, 34 F.3d 876, 881 (9th Cir. 1994), cert. denied, 115 S.Ct. 773 (1995); United States v. Spillone, 879 F.2d 514, 518-520 (9th Cir. 1989), cert. denied, 498 U.S. 864 & 878 (1990). Here the United States' evidence passes all four parts of the test, and the prejudicial effect of the evidence does not substantially outweigh its probative value.

The United States' evidence in this case (defendant's involvement in the purchase and use of methamphetamine ) is material to the issues of knowledge and intent, both of which are

elements of the crimes charged, as well as opportunity, plan, absence of mistake and motive.

The Ninth Circuit has "consistently held that evidence of a defendant's prior possession or sale of narcotics is relevant under Rule 404(b) to issues of intent, knowledge, motive, opportunity, and absence of mistake or accident in prosecutions for possession of, importation of, and intent to distribute narcotics." United States v. Mehrmanesh, 689 F.2d 822, 832 (9th Cir. 1982).

> A defendant's prior conviction for possession of heroin with intent to distribute is relevant to a material element of the charged offense because it tends to show knowledge.
>
> The fact that [defendant] had been convicted of possessing heroin with the intent to distribute certainly makes the existence of his knowledge regarding the current heroin sale more probable than not. It helped disprove [defendant's] contention that he was merely an innocent bystander, and tended to show that he was aware of the heroin transaction.

United States v. Arambula-Ruiz, 987 F.2d 599, 603 (9th Cir. 1993).

"Appellant's possession of marijuana in the prior case clearly tended to show that he knew about the marijuana in the present case and had an illegal intent." United States v. Rocha, 553 F.2d 615, 616 (9th Cir. 1977). Such a prior conviction is "highly probative as to knowledge and intent." United States v. Sigal, 572 F.2d 1320, 1323 (9th Cir. 1978). Similarly, evidence of a defendant's prior drug possession is "relevant and admissible to establish his intent to distribute." United States

9

v. Robertson, 15 F.3d 862, 871 (9th Cir.), cert. denied, 115 S.Ct. 362 (1994).

For these reasons, the Ninth Circuit has repeatedly held that evidence of prior drug trafficking activity is admissible under Rule 404(b) as probative of the defendant's knowledge and intent to distribute drugs.  See United States v. Robertson, supra, 15 F.3d at 871; United States v. Soyland, 3 F.3d 1312, 1315 (9th Cir. 1993), cert. denied, 115 S.Ct. 32 (1994); United States v. Arambula-Ruiz, supra, 987 F.2d at 603; United States v. Jones, 982 F.2d 380, 382-383 (9th Cir. 1992); United States v. Houser, 929 F.2d 1369, 1373 (9th Cir. 1990); United States v. Rubio-Villareal, supra, 927 F.2d at 1503; United States v. Sinn, 622 F.2d 415, 416 (9th Cir.), cert. denied, 449 U.S. 843 (1980); United States v. Sigal, supra, 572 F.2d at 1323.  Admission of such evidence is particularly appropriate where the defendant raises a defense of mere presence.  United States v. Arambula-Ruiz, supra, 987 F.2d at 603; United States v. Carpenter, 933 F.2d 748, 751 (9th Cir. 1991); United States v. Houser, supra, 929 F.2d at 1373; United States v. Sigal, supra, 572 F.2d at 1323.

The second requirement, that the previous conduct not be too remote in time, is also met here.  Although the previous incidents occurred approximately ten and eight years, respectively, before the arrest in this matter, relevant case law in this Circuits shows this still falls within the recency

requirements for admissibility.[1/]  See United States v. Ross, 886 F.2d 264, 267 (9th Cir. 1989), cert. denied, 494 U.S. 1083 (1990) (thirteen-year-old conviction admissible); United States v. Spillone, supra, 879 F.2d at 518 (seventeen years not too remote); United States v. Rude, supra, 88 F.3d 1538 (eight years not too remote); United States v. Houser, supra, 929 F.2d at 1373 (9th Cir. 1991) (four years not too remote); United States v. Ono, 918 F.2d 1462, 1465 n. (9th Cir. 1990), cert. denied, 510 U.S. 1063 (1994) (seven-year-old conviction admissible).

The evidence also satisfies the third requirement, that it be sufficient to support a finding that the Defendant committed the prior act.  If available, The United States will present testimony from the arresting officer(s) in the previous incidents to establish the nature of the Defendant's conduct (and thus the similarity of that conduct to the charged conduct in this case) and the Defendant's identity as the person involved in that episode.  In addition, the United States will introduce certified copies of the judgment and convictions promoting a dangerous drug in the third degree in the three criminal cases which arose out of the incidents detailed above.  Also, where available, the United States will seek to introduce certified copies of the plea agreement(s) wherein the Defendant pled guilty to the charges.  The evidence of Defendant's involvement in the prior episode will therefore be clear and convincing and is thus more than

---

[1/] Additionally, Defendant was incarcerated for several years of that time period.

sufficient to support a finding that he committed the prior act. United States v. Evans, 796 F.2d 264, 265 (9th Cir. 1986); United States v. Winn, 767 F.2d 527, 529-30 (9th Cir. 1985).

The final element of the four-part test, the similarity between the previous act and the charged conduct, is also satisfied.[2] At first glance, the offenses may not appear to be analogous. However, closer examination reveals many similarities. For instance, all the offenses are examples of the distribution of illegal drugs albeit at opposite ends of the distribution process. Each transaction involved the procurement of drugs, the negotiation for the price of the drugs and the involvement of a number of other individuals. As such, the similarity requirement is met.

The United States would also note that where, as here, the United States seeks to introduce prior bad acts for the purpose of proving knowledge, admissibility requires "a logical connection between the knowledge gained as a result of the commission of the prior act and the knowledge at issue in the charged act." United States v. Martinez, 182 F.3d 1107, 1111

---

[2] The Ninth Circuit has generally ruled that similarity is not required if knowledge is the issue. United States v. Santa-Cruz, 48 F.3d 1118, 1119 (9th Cir. 1995); United States v. Corona, 34 F.3d 876, 881 (9th Cir. 1994); United States v. Arambula-Ruiz, supra, 987 F.2d at 603. Similarity, is, however, required when the prior conduct is offered to prove intent. Id. See also United States v. Mayans, 17 F.3d 1174, 1181 (9th Cir. 1994) (similarity required where knowledge and intent are at issue). Because the United States will offer the defendant's prior act to establish both knowledge and intent, a showing of similarity is required.

12

(9th Cir. 1999). There can be no doubt that such a "logical connection" is present here. As detailed above, Defendant's longtime and active involvement in the drug culture -at both ends of the drug trafficking world - would have taught him that many indicia of drug trafficking that were present in the instant case. For instance, both the instant case and prior convictions involved a number of different individuals, each playing a different, and often limited, role in the negotiation and distribution of methamphetamine and the currency used to purchase it. Defendant's knowledge of these facts is probative of his knowledge of the methamphetamine store in his residences.

In short, such evidence of his prior conduct clearly bears on the extent of guilty knowledge that Defendant had in this case. As the Ninth Circuit has held in similar circumstances, the prior acts of drug trafficking easily meet the criteria of Fed. R. Evid. 401, in that they undisputably make "the existence of [Defendant's] knowledge [in the instant case] more probable than it would be without the evidence." Arambula-Ruiz, 987 F.2d at 603.

Finally, the probative value of this evidence is not substantially outweighed by the danger of unfair prejudice. Unfair prejudice means that the evidence "provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." United States v. Bailleaux, 685 F.2d 1105, 1111 (9th Cir. 1982).

13

Evidence is <u>not</u> unfairly prejudicial simply because it tends to convince the jury of the defendant's guilt; it is only when the evidence moves the jury on a basis unrelated to the merits of the case that it is prejudicial.  In determining the probative value of the evidence, the court must consider not only the logical inferences that the evidence will support, but also the actual "need for evidence of prior criminal conduct to prove a particular point."  <u>United States v. Bailleaux</u>, <u>supra</u>, 685 F.2d at 1112.  The court must then balance the probative value against the danger of unfair prejudice, but can exclude the evidence only when the latter <u>substantially</u> outweighs the former.  <u>United States v. Yazzie</u>, 59 F.3d 807, 810 (9th Cir. 1995); <u>United States v. Bailleaux</u>, <u>supra</u>, 685 F.2d at 1111-1112.

   For the reasons previously stated, evidence of Defendant's past drug activity is highly probative to show not only his knowledge of the drugs in this case, but also proof of intent, motive, opportunity, preparation, plan, identity and absence of mistake or accident.  As in most drug cases, knowledge and intent will be the key issues.  Although there may be the possibility of some slight danger of unfair prejudice from the introduction of Defendant's prior criminal activity, any improper prejudicial impact can be cured by a limiting instruction to the jury.  Where, as here, there is a high need for the prior act evidence, and its probative value outweighs any prejudicial impact, it should be admitted with a limiting instruction.  <u>United States v.</u>

Arambula-Ruiz, supra, 987 F.2d at 604; United States v. Houser, supra, 929 F.2d at 1373.

### III

### CONCLUSION

Based on all of the above, the United States' motion to admit Defendant's prior felony drug convictions pursuant to Federal Rule of Evidence 404(b) should be granted.

DATED: April 12, 2006, at Honolulu, Hawaii.

                                      EDWARD H. KUBO, JR.
                                      United States Attorney


                              By /s/ Mark A. Inciong
                                 MARK A. INCIONG
                                 Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served by First Class Mail:

JAMES LOW                                          April 12, 2006
92234-022
Federal Detention Center
P. O. Box 30080
Honolulu, HI 96820
Defendant PRO SE


Served Electronically through CM/ECF:

RICHARD S. KAWANA, ESQ.                            April 12, 2006
rskawana@prodigy.net


DATED:  Honolulu, Hawaii, April 12, 2006.


                                        /s/ M. Derby-Taufa'asau