IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>   Plaintiff, )<br>)<br>vs. )<br>)<br>JAMES T. LOW, )<br>)<br>   Defendant. )<br>_____ ) | CR. NO. 05-00260 JMS<br><br>MEMORANDUM IN SUPPORT OF MOTION |

## MEMORANDUM IN SUPPORT OF MOTION

Fed.R.Evid. 801(d)(2)(E) allows as an exception to a hearsay objection, statements made by a co-conspirator "during the course of and in furtherance of the conspiracy." The government must first establish by independent evidence the existence of the conspiracy, defendant's and declarant's membership therein, and the fact that the statement was made during the course of the conspiracy and in furtherance of the conspiracy. Bourjaily v. United States, 483 U.S. 171, 175 (1987). It is the duty of the trial court to determine and rule on the existence of the foundational or preliminary facts. Fed.R.Evid. 104. Conspirator statements will not be admitted unless the government proves by a preponderance of the evidence the preliminary facts required. Bourjaily, id. at 176. The court may consider the hearsay statements sought to be admitted, id. at 181; however, some other extrinsic evidence of the existence of the conspiracy must be produced to support the existence of the conspiracy. United States v. Gordon, 844 F.2d 1397, 1402 (9th Cir. 1988); United States v. Castaneda, 16 F.3d 1504, 1507 (9th Cir. 19940; United States v. Paris, 827 F.2nd 395, 400 (9th Cir. 1987)(government must show substantial evidence . . . independent of coconspirators' statements which demonstrates . . . a slight connection to the existing conspiracy). The district court must bear in mind that

out-of-court statements are presumptively unreliable when determining whether the government has made a sufficient showing.

Any proffered co-conspirator statement must be found to have been made in furtherance of the conspiracy. Bourjaily v. United States, 483 U.S. at 175; Krulewitch v. United States, 336 U.S. 440, 443-44 (1949).

Finally, the co-conspirator statement must be made "during the course" of the conspiracy. Once the central criminal purposes of a conspiracy have been attained, a subsidiary conspiracy to conceal may not be implied from circumstantial evidence showing merely that the conspiracy was kept secret and that the conspirators took care to cover up their crime in order to escape detection and punishment. Id.; Gruenwald v. United States, 353 U.S. 391, 401-02 (1957). The termination of the conspiracy occurs, as to a particular conspirator, at the time his involvement with the conspiracy ceases. This may occur through withdrawal, indictment, or apprehension.

A hearing outside of the presence of the jury is requested to allow the government to establish the foundational requirements for co-conspirator statements. In United States v. Macklin, 573 F.2d 1046, 1049n.3 (9th Cir.), cert. denied, 439 U.S. 852 (1978), the Ninth Circuit set forth the preferred rule:

> It is preferable whenever possible that the government's independent proof of the conspiracy be introduced first, thereby avoiding the danger . . . of injecting the record with inadmissible hearsay in anticipation of proof of a conspiracy which never materializes.

See, United States v. James, 590 F.2d 575, 579-80 (5th Cir.)(en banc), cert. denied, 442 U.S. 917 (1979); United States v. Gere, 662 F.2d 1291, 1293-94 (9th Cir. 1981).

If the government is unable to make the required foundational showings, then it is requested that the court prevent the use of such co-conspirator statements from use in trial. In the instant case, the defendant is charged in the superseding indictment

2

with conspiracy to distribute and to possess with intent to distribute illegal drugs. The codefendant and alleged coconspirator in the case will be testifying against defendant, and presumably will be reporting conversations between himself and defendant and possibly others that are alleged to be part of the charged conspiracy. Accordingly, it is respectfully requested that this court make a pretrial determination of admissibility in this case pursuant to Fed.R.Evid. 104.

DATED: Honolulu, Hawaii, May 9, 2006.

_____
JAMES T. LOW
Defendant Pro Se