JAMES T. LOW
# 92234-022
Federal Detention Center Honolulu
P.O. Box 30080
Honolulu, HI 96820
Tel. No.:(808) 538-4300
Defendant Pro Se

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 09 2006

at 2 o'clock and 19 min P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,         ) | CR. NO. 05-00260 JMS |
| ) | |
| Plaintiff,                        ) | DEFENDANT'S MOTION FOR |
| ) | DISCOVERY; CERTIFICATE OF |
| vs.                               ) | SERVICE |
| ) | |
| JAMES T. LOW,                     ) | DATE:_____ |
| ) | TIME:_____ |
| ) | JUDGE:_____ |
| Defendant.                        ) | |
| _____ ) | TW: 6/6/06 |

DEFENDANT'S MOTION FOR DISCOVERY

COMES NOW JAMES T. LOW, Defendant pro se, and moves for an order requiring that the government comply with the following discovery requests. This motion is made pursuant to Rules 16 and 47, Federal Rules of Criminal Procedure, the Federal Rules of Evidence, Local Rule LRCrim 16.1, 18 U.S.C. § 3500, the Fifth and Sixth Amendments, the files and records of this case, and all matters properly before the court and to be presented at a hearing on this matter, demonstrating good cause to grant this motion. It is requested that the government specifically provide the following:

1. <u>Statements</u>. All written and oral statements made by the defendant. This request includes, but is not limited to, any rough notes, records, reports, transcripts, or other documents and tapes in which statements of the defendant are contained. The substance of oral statements that the government intends to introduce are discoverable under Fed.R.Crim.P. 16(a)(1)(A) and (B), and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

2. <u>Documents, statements, reports, tangible evidence.</u> Production of all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt or that affects the credibility of the government's case. This evidence must be produced pursuant to <u>Brady v. Maryland</u> and <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

3. <u>Prior record/other act evidence</u>. All evidence, documents, records of judgments and convictions, photographs and tangible evidence, and information pertaining to any prior arrests and convictions or prior bad acts. Prior record evidence is required to be produced under Fed.R.Crim.P. 16(a)(1)(D). Prior similar acts evidence is discoverable under Fed.R.Crim.P. 16(a)(1)(E) and Fed.R.Evid. 404(b) and 609. This request also includes the defendant's "rap" sheet, state OBTS, and NCIC computer check on the defendant.

4. <u>Seized evidence</u>. All evidence seized as a result of any search, whether warrantless or with a warrant, in this case as required under Fed.R.Crim.P. 16(a)(1)(A), (B), and (E). Copies of all search and arrest warrants issued in connection with this

prosecution, including any and all supporting affidavits, telephonic transcriptions, exhibits, or attachments, are also requested.

5. Agent's reports, notes, memos. All arrest reports, investigator notes, memos from arresting and assisting officers, sworn statements, and prosecution reports pertaining to the defendant. These reports are available under Fed.R.Crim.P. 16(a)(1)(A), (B), and (E), and Rules 26.2 and 12(h). It is also requested that any witness interview notes that could be considered to be statements attributable to the witness be provided. Goldberg v. United States, 425 U.S. 94 (1976).

6. Other documents/tangible objects. All other documents and tangible objects, including photographs, books, papers, documents, or copies or portions thereof that are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant. It is specifically requested that all documents, items, and other information seized pursuant to any search be provided. This is available under Brady and Fed.R.Crim.P. 16(a)(1)(E). It is specifically requested that you ask whether photographs were taken at, before, or shortly after the search and arrest, including photographs of any search.

7. Bias of government witnesses. Any evidence that any prospective government witness is biased or prejudiced against the defendant or has a motive to falsify or distort his/her testimony. Pennsylvania v. Ritchie, 480 U.S. 39 (1987); United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988).

8. <u>Prior record/other acts of government witnesses</u>. Any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in conviction. <u>See</u> Fed.R.Evid. 608(b) and <u>Brady v. Maryland</u>.

9. <u>Investigation of witnesses</u>. Any evidence that any prospective witness is under investigation by federal, state, or local authorities for any criminal or official misconduct. <u>United States v. Chitty</u>, 760 F.2d 425 (2d Cir.), <u>cert. denied</u>, 474 U.S. 945 (1985).

10. <u>Evidence regarding ability to testify.</u> Any evidence, including medical or psychiatric reports or evaluations, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988); <u>Chavis v. North Carolina</u>, 637 F.2d 213, 224 (4th Cir. 1980); <u>United States v. Butler</u>, 567 F.2d 885 (9th Cir. 1978).

11. <u>Personnel files</u>. It is specifically requested that the government review each agent's personnel file for information requested in paragraphs 7–10 above, and determine whether there is any impeaching information contained in the files. <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991).

12. <u>Government witnesses</u>. The name and last know address of each prospective government witness. <u>United States v. Neap</u>, 834 F.2d 1311 (7th Cir. 1987); <u>United States v.Tucker</u>, 716 F.2d 583 (9th Cir. 1983); <u>United States v. Cook</u>, 608 F.2d 1175, 1181 (9th

4

Cir. 1979)(defense has equal right to talk to witnesses).

13. <u>Other witnesses</u>. The name and last known address of every witness to the alleged offenses (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a government witness. <u>United States v. Cadet</u>, 727 F.2d 1469 (9th Cir. 1984).

14. <u>Favorable testimony.</u> The name of any witness who made an arguably favorable statement concerning defendant or who could not identify him or who was unsure of his identity or participation in the crime charged. <u>Jackson v. Wainwright</u>, 390 F.2d 288 (5th Cir. 1968); <u>Chavis v. North Carolina</u>, 637 F.2d 213, 223 (4th Cir. 1980); <u>James v. Jag</u>, 575 F.2d 1164, 1168 (6th Cir. 1978); <u>Hudson v. Blackburn</u>, 601 F.2d 785 (5th Cir. 1975).

15. <u>Specific inquiries of agents</u>. It is requested that the government make specific inquiry of each government agent connected to the case for the information request in paragraphs 12-14. <u>United States v. Jackson</u>, 780 F.2d 1305 (6th Cir. 1986); <u>United States v. Butler</u>, 567 F.2d 885, 889 (9th Cir. 1978).

16. <u>Rule 26.2 Material/Timing of production</u>. It is requested that the government provide all material available pursuant to Fed.R.Crim.P. 26.2, sufficiently in advance of trial or motions hearings so as to avoid unnecessary delay prior to cross examination.

17. <u>Experts/resumes</u>. The curriculum vitae of any and all experts the government intends to call at trial, including any and all books, treatises or other papers written by the expert which is relevant to the testimony.

18. <u>Expert's reports and summaries</u>. Production of any and all reports of any examinations or tests, is requested pursuant to Rule 16 (a)(1)(F). In addition, it is requested that the government disclose a written summary of testimony the government intends to use under Fed.R.Evid. 702, 703, or 705. As required by Rule 16(a)(1)(F), the summaries must describe the witnesses' opinions, the bases and the reasons therefor, and the witnesses' qualifications.

19. <u>Confidential Informant(s) and related information</u>. It is requested that the government reveal the identity of any and all confidential informants who were percipient witnesses to the charges in this case and information regarding any promises made to the confidential informant(s) and the information provided by the confidential informant(s).

20. <u>Promises made or "deals" with government witnesses</u>. Under <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the government must provide all promises of consideration given to witnesses. <u>See also</u>, <u>United States v. Shaffer</u>, 789 F.2d 682 (9th Cir. 1986).

21. <u>Minutes of Grand Jury Proceedings</u>. Production of the minutes of the grand jury proceedings is requested in order to determine whether there has been compliance with Rule 6 with regard to attendance and the number of grand jurors voting on the indictment. <u>See</u> Fed.R.Crim.P. 6(b)–6(d).

22. <u>Grand Jury transcripts.</u> All grand jury transcripts are requested in accordance with Fed.R.Crim.P. 6.

23. <u>Statement by government of refusal to provide</u>. If the government has any of

the above-requested items or the items required by the rules, law, or court order, but refuses to provide them to the defense, defendant requests a statement as to the existence of the items and the refusal to provide them.

Dated: Honolulu, Hawaii, May 5, 2006.

_____
JAMES T. LOW
Defendant Pro Se

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00260 JMS |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| JAMES T. LOW, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was duly served by by hand delivery on May 9, 2006, addressed as follows:

EDWARD H. KUBO, JR.
U.S. Attorney
MARK A. INCIONG
Assistant U.S. Attorney
Room 6-100, Prince Jonah Kuhio
    Kalanianaole Federal Building
300 Ala Moana Boulevard, Box 50183
Honolulu, HI  96850
    Attorneys for Plaintiff
    UNITED STATES OF AMERICA


DATED:  Honolulu, Hawaii, May 9, 2006.

*[signature]*
RICHARD S. KAWANA
Standby Counsel for Defendant