UNITED STATES v. JAMES T. LOW
VOIR DIRE QUESTIONS

I. PRELIMINARY QUESTIONS:

    1. Where were you born?

    2. What is your educational background?

    3. What schools have you attended?

    4. Have you been to college?

    5. What college did you attend?

    6. Where have you lived for the last ten years?

    7. What job or jobs have you had in the last ten years?

    8. How long have you lived in the State of Hawaii?

    9. Do you have any children?

    10. If so, what are their ages?

    11. Where do they live, and what do they do?

    12. Are you connected in any way with any police department?

    13. Have you ever been connected with any type of police force, or law enforcement agency?

    14. Do you have any relatives who are now, or who have ever been connected with any police force, or law enforcement agency?

    15. Does your job ever cause you to work with the police force or law enforcement agency?

    16. Do you have any friends on the police force?

    17. Have you, or has any member of you family, ever worked for the United States Attorney's Office?

    18. Have any of your neighbors or friends ever worked for the United States Attorney's office?

19. Have you, or has any member of your family, ever worked for the County, State, or Federal government?

20. Do you have any neighbors or friends who have ever worked for the County, State or Federal government?

21. Generally speaking, what income bracket would you place yourself in?

22. What is your ethnic background?

23. How do you feel about people of Japanese ethnic background?

24. How do you feel about people from the mainland who were not born or raised in Hawaii?

25. Are you prejudiced against any ethnic group?

26. Do you know any Attorneys? If so, who?

27. What is your political affiliation?

28. Do you belong to any political groups?

29. Do you belong to any civic clubs or organizations.

30. Have you ever participated in any civic activities?

31. What are your hobbies?

32. Do you consider yourself a religious person?

33. What church do you attend?

34. Do you attend church regularly?

## II. ATTITUDE TOWARD CRIME CHARGED

1. The Defendant in this case is charged with conspiracy to possess with intent to distribute, and to distribute, the drug crystal methamphetamine. Generally, what are your feelings about such an offense? Do you feel that there is a very serious problem with the use and distribution of illegal drugs in the State of Hawaii and the rest of the United States?

2. Given your feelings, can you be fair and impartial about any person who is charged with conspiracy to commit a serious drug offense?

3. You can see the Defendant sitting right over there. Do you feel that he is the "bad guy" here? As you look at him now, can you presume him innocent?

4. One of the defenses in the case is that the defendant did not possess the drugs and there is no physical evidence of any drugs alleged to be part of the conspiracy on his person or in his property. Is there any reason that you would reject this defense out of hand without giving it careful and due consideration before deciding?

5. One of the defenses in the case is that the cooperating informant is not telling the truth and is attempting to blame the defendant in order to obtain more favorable treatment from the government. This is a legitimate and valid defense. Is there any reason that you would not be able to accept such a defense, and would not be able to give it careful and due consideration before deciding?

6. One of the defense in the case is that defendant did not have the specific intent to commit the crimes alleged. This is a legitimate and valid defense. Is there any reason that you would not be able to accept such a defense, and would not be able to give it careful and due consideration before deciding?

7. One of the defense in the case is that defendant was entrapped by the government into committing the crimes alleged. This is a legitimate and valid defense. Is there any reason that you would not be able to accept such a defense, and would not be able to give it careful and due consideration before deciding?

8. One of the defense in the case is that the government engaged in outrageous conduct that lead to the defendant being charged with the offenses in the indictment. This is a legitimate and valid defense. Is there any reason that you would not be able to accept such a defense, and would not be able to give it careful and due consideration before deciding?

III. PRE-TRIAL PUBLICITY

1. Do you ever read the Honolulu Advertiser or Star-Bulletin?

2. Have you ever read anything about this case in one of those newspapers?

3. Do you remember what you read about this case?

4. Did you believe what you read in the paper?

5. Do you think what you read in the newspaper is always true?

6. Have you formed any opinion at all about this case based on what you have read in the paper?

7. Have you ever seen a television news report about this case?

8. Have you ever heard a report about this case on the radio?

9. Have you formed any opinion at all about this case based on what you saw on television or heard on the radio?

10. Can you really follow the court's instructions not to see, listen to, or read any accounts of this trial in the news media?

IV. BURDEN OF PROOF AND PRESUMPTION OF INNOCENCE

1. Do you realize that the indictment in this case is merely a formal legal pleading filed by the prosecutor in order to start the proceedings, and has no greater effect than a complaint in a civil case?

2. You understand that means that you are not to assume that the Defendant is guilty simply because he has been charged?

3. Do you believe that the Defendant must be guilty because otherwise the Government wouldn't have brought the charges against the Defendant?

4. You understand, don't you, that the burden of proof is always on the prosecution, and that the Defendant need not present any evidence on his behalf?

5. You also understand, don't you, that the Defendant need not testify in his own behalf?

6. Do you understand that the prosecution is required to prove the Defendant guilty beyond a reasonable doubt?

7. Do you agree with our principle of law that a Defendant must be proven guilty beyond a reasonable doubt?

8. Do you agree with the law that a man is presumed innocent until he is proven guilty beyond a reasonable doubt?

9. Do you disagree with the law that the burden of proving the Defendant guilty beyond a reasonable doubt rests with the prosecution?

10. As far as you are concerned, Defendant stands innocent of the crimes he is charged with, is that right?

11. If the court tells you that Defendant is presumed to be innocent, you don't find any fault with that, do you?

12. The law says that a Defendant who has been charged with a crime is presumed innocent. Are you willing to give that presumption of innocence to the Defendant?

13. At the present time, are you willing to accept the fact that the Defendant is presumed to be innocent because you have not yet heard any evidence?

14. You understand that it is not the Defendant's job to prove that he is innocent, don't you?

15. In other words, it is not the Defendant's job to prove that he is innocent; he doesn't have to do anything, isn't that your understanding?

16. So, it is the standard of justice in America that the government must prove the Defendant guilty beyond a reasonable doubt. Are you willing to accept that standard?

17. Do you believe that the Defendant is guilty of the crimes he is charged with?

18. Would the fact that the Defendant has been arrested and charged with this serious crime create an inference in your own mind that there must be some truth in the charges?

19. Does the fact that the Grand Jury indicted the Defendant for these crimes create an impression in your mind that the Defendant must be guilty?

20. Did you ever hear the term, "Where there is smoke there is fire?" Do you believe that?

21. If you had to vote right now, before the trial started, would you vote to acquit or to convict the Defendant?

(If juror answers, "I would have to hear the evidence first.")

No, at this point the law requires you to vote to acquit. That is what the presumption of innocence means: the Defendant is innocent until proven guilty beyond a reasonable doubt. Can you obey that rule?

22. Have you been influenced by charges that our courts and judges are too lenient on criminals so that your judgment would be affected?

23. You don't believe that the rules of law that will apply in this trial - such as the rule of reasonable doubt, the presumption of innocence, the effect of circumstantial evidence - are mere technicalities, do you?

24. You understand then that these are important fundamental concepts in our American system of justice?

V. ATTITUDES TOWARD WITNESSES

1. Are you prepared to listen carefully and weigh the Defendant's testimony without prejudgment?

2. If the Defendant takes the stand and testifies in this trial, are you prepared to give him the same credence that you would give to any witness?

3. You don't have any opinion right now about whether the Defendant would lie or tell the truth, do you?

4. Would you distrust the testimony of the Defendant simply because you think that because he is the Defendant and he is liable to say anything to avoid conviction?

5. If the testimony of the Defendant conflicts with the testimony of another witness, will you be able to be fair in your judgement, or will you assume that the Defendant is lying?

6. Would you give more credence to the testimony of a law enforcement officer just because he was a law enforcement officer?

7. As between the testimony of a law enforcement officer and the testimony of the Defendant, would you automatically give more credence to the law enforcement officer, or to the

Defendant?

8. Do you feel that the testimony of a witness called by the government is likely to be more reliable than the testimony of a defense witness?

9. If the defendant does not testify, would you hold it against him for not testifying?

10. If the Defendant does not take the stand to testify in this trial, would you hold his decision not to testify against him?

11. Do you feel you would be able to follow the principle of law that you are not to draw any unfavorable conclusions against the defendant if he does not testify or does not present any evidence?

12. Do you feel you would be able to follow the principle of law that because the defendant is presumed innocent of the charge against him, you may not convict the defendant unless and until the government meets its heavy burden of proof beyond a reasonable doubt of the charge against him?

13. Would you have any hesitation in acquitting the defendant if the government does not meet its burden of proof?

VI. RESPONSIBILITY AS A JUROR

1. Is there anything about this case that bothers you in any way?

2. If a loved one of yours were on trial here today, would you feel satisfied with twelve jurors of the same mind as yours to stand in judgement in the case against your loved one?

3. If you are a chosen juror in this case, do you know of any reason at all why you would not be a fair and impartial juror?

4. Have any of the questions I've asked created any doubt in your mind about your ability to be a fair and impartial juror in this case?

5. If you heard all of the evidence in this case, and you felt from the evidence that the Defendant was probably guilty, but you were not certain, would you be able to return a verdict of not guilty?

6. If you do not have a reasonable doubt that the Defendant is guilty, and after listening to the arguments of your fellow jurors you still have that doubt, will you be able to stick to your opinion even if your opinion is unpopular?

7. So, if you believe in your own mind that the Defendant is either innocent or guilty, you will stick to your own opinion, isn't that right?

8. If you sat on the jury in this case and a verdict of not guilty was returned, would that embarrass you or your family?

9. Assuming that you sat on the jury and returned a verdict of not guilty, would that embarrass you at work or in your neighborhood?

10. Do you have any concerns about what your family or neighbors or co-workers might think about this trial that might affect your ability to be fair and impartial?

11. Is there anything else you want to tell us that might help the court to discover if you can be a fair and impartial juror in this case?