IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 05-00260 JMS |
| Plaintiff, ) | MEMORANDUM IN SUPPORT OF MOTION |
| vs. ) | |
| JAMES T. LOW, ) | |
| Defendant. ) | |

## MEMORANDUM IN SUPPORT OF MOTION

<u>Denial of Rights Under Speedy Trial Act</u>. The speedy trial act requires in 18 U.S.C. § 3161(c)(1) that:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an . . . indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. . . .

The remedy for a failure to follow the requirements of the speedy trial act is dismissal of the indictment. <u>United States v. Hardeman</u>, 249 F.3d 826 (9th Cir. 2000); <u>United States v. Lewis</u>, 349 F.3d 1116 (9th Cir. 2003); <u>Clymer v. United States</u>, 25 F.3d 824, 380 (9th Cir. 1994). Such a dismissal of the indictment may be with or without prejudice. 18 U.S.C. § 3162(a)(2); <u>United States v. Hardeman</u>, 249 F.3d at 828-29.

In the instant case, the defendant entered a plea of not guilty to the indictment on

June 24, 2005. The period from June 24, 2005 to August 22, 2005 is a period of 65 days. According to the court's docket, the period of August 23, 2005 to October 25, 2005 was excluded by a stipulation for continuance entered into by Defendant's attorney at that time. The period from October 26, 2005 to November 28, 2005 is a period of 34 days. Although the court excluded this period, defendant Low did not request or agree to the exclusion. The period of November 29, 2005 to May 2, 2006 is excluded by stipulations for continuance entered into by Defendant's attorneys at that time. The period from May 3, 2006 to May 8, 2006 is a period of 6 days. The time from May 9, 2006 to June 6, 2006 is excluded from speedy trial calculations. Thus: 65 days plus 34 days (that defendant Low did not agree to) plus 6 days equals 105 days–well beyond the 70-day limit of the speedy trial act. Dismissal of the charges against defendant is therefore required.

Because defendant has been incarcerated on pretrial detention without bail since the date of his initial arrest, he has suffered and continues to suffer clear prejudice to his substantial rights. Accordingly, dismissal should be with prejudice.

Denial of Constitutional Right to Speedy Trial. Defendant also submits that his Sixth Amendment right to speedy trial has been violated. The Sixth Amendment right precluding excessive pretrial delay after charges have been filed against the defendant. See Barker v. Wingo, 407 U.S. 514, 530 (1972)(the courts must balance (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the prejudice to the defendant). In the instant case, trial has been

delayed for one year from the time that defendant was arrested in June 2005. While the delays in trial have been caused by a change in the number of attorneys representing defendant, he has always asserted his demand for an immediate and speedy trial. Defendant has been gravely prejudiced by the length of his pretrial incarceration and denial of his constitutional right to bail despite his determination to seek to represent himself. A balance of the <u>Barker</u> factors clearly indicates a violation of defendant's constitutional speedy trial rights.

## CONCLUSION

Defendant therefore respectfully submits that his motion to dismiss be granted and that the dismissal be with prejudice.

Dated: Honolulu, Hawaii, May 10, 2006.

_____
JAMES T. LOW
Defendant Pro Se