IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00260 JMS |
| | ) | |
| Plaintiff, | ) | MEMORANDUM IN SUPPORT OF |
| | ) | MOTION |
| vs. | ) | |
| | ) | |
| JAMES T. LOW, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM IN SUPPORT OF MOTION

A. INTRODUCTORY STATEMENT

As set forth in the attached declaration, the government may seek to introduce evidence of prior arrests or convictions of defendant, and of his possible commission of other uncharged offenses involving materials and activities involving other drug related or firearms/ammunition related conduct. Such items of evidence should be excluded because they do not fall within the purpose of the "other crimes . . . or acts" provision of Rule 404(b), and because, if relevant, their probative value is substantially outweighed by the danger of unfair prejudice under Rule 403.

B. ANY UNCHARGED CRIMINAL CONDUCT ALLEGEDLY COMMITTED BY DEFENDANT SHOULD BE EXCLUDED AS NOT BEING ADMISSIBLE UNDER THE FEDERAL RULES OF EVIDENCE

(1) Rule 404(b), Federal Rules of Evidence, provides:

> "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such a proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

This Rule restates the long-settled principle that evidence of prior or subsequent bad acts or crimes cannot be admitted when the sole relevancy is to show disposition to commit crimes or to commit the particular kind of crime with which the defendant is charged. Michelson v. United States, 335 U.S. 469, 475-576, 69 S.Ct. 213 (1948); United States v. Lewis, 737 F.2d 1318, 1321 (9th Cir. 1986); United States v. Hernandez-Miranda, 601 F.2d 1104, 1107-1108, (9th Cir. 1979); see also United States v. Hearst, 563 F.2d 1331 (9th Cir. 1977), cert. denied, 435 U.S. 1000, 98 S.Ct. 1656 (1978). Such evidence is not looked upon with favor and "its use must be narrowly circumscribed and limited" [United States v. Lewis, supra, at 1321; United States v. Herrera-Medina, 609 F.2d 376, 379 (9th Cir. 1979); United States v. Aims Back, 588 F.2d 1283, 1287 (9th Cir. 1979)], and the government has the burden of showing that the evidence offered is relevant, and that it is more probative than prejudicial. United States v. Herrera-Medina, supra; United States v. Hernandez-Miranda, supra, at 1108.

Though not admissible to prove criminal disposition, evidence of other criminal acts may be received to prove motive, intent, knowledge, and other similar elements. United States v. Hearst, supra, at 1335, and cases cited therein. Such evidence is admissible, however only if:

1. The prior act is similar and close enough in time to be relevant;

2. The evidence of the prior act is clear and convincing; and

3. The probative value of the evidence outweighs any potential prejudice.

United States v. Bronco, 597 F.2d 1300, 1302-1303 (9th Cir. 1979), quoting United States v. Brashier, 548 F.2d 1315, 1325 (9th Cir. 1976). This determination is largely a matter for the discretion of the trial judge [United States v. Rocha, 533 F.2d 615, 616 (9th Cir. 1977)], whose decision will not be held to be reversible error absent an abuse of that discretion. United States v. Espinoza, 578 F.2d 224, 228 (9th Cir. 1978).

Although the government may seek to use such evidence to show motive, and will to argue for admissibility of the conduct, suffice it to say at this point that there is not sufficient "similarity" between the uncharged acts and those present in the instant case to warrant their admission into evidence. It is believed that the government would be introducing such evidence only in the hope of portraying the defendant in the eyes of the jury as a man with a propensity to be involved in drug and firearms offenses or that, because of prior convictions, he is a bad person. It is precisely for this reason, however, that the use of a prior act is forbidden. When offered solely for the purpose to persuade the jury that the accused is by propensity the probable perpetrator of the crime charged, such evidence, even if probative, is excluded because of the experience that it may unduly influence the jury and deny the accused a fair opportunity to defend against the particular charge. Michelson v. United States, supra; United States v. Hearst, supra.

(2) Rule 403, Federal Rules of Evidence, provides:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence."

This rule essentially restates the rule of at least 30 jurisdictions. See Dolan, Rule 402: <u>The Prejudice Rule in Evidence</u>, 49 So.Cal.L.Rev. 220, 224 (1976). It is designed principally to promote the twin policies of assuring "correct" factual determinations in individual cases and actual and perceived fairness in the judicial process as a whole. <u>Id</u>. at 226, 230.

The phrasing of Rule 403 comports also with the traditional understanding, recognized by the Courts in this Circuit, that the weighing of probative value and prejudicial effect is a matter generally left within the wide, and wise discretion of the trial court. <u>United States v. Sigal</u>, 572 F.2d 1320, 1323 (1978); <u>United States v. Rocha</u>, <u>supra</u>. In making this determination, the trial court must balance "the probative value of and needs for the evidence against the harm likely to result from its admission." (Advisory Committee Notes, Rule 403). Assuming, therefore, that the Court concludes that any of the uncharged conduct of defendant comes within one of the exceptions of Rule 404(b), it is submitted that the prejudicial nature of the evidence far outweighs whatever probative value the evidence might have in proving the defendant's involvement in the charged conspiracy and substantive offenses.

4

Federal Courts have been particularly sensitive to the problem inherent in admitting evidence of prior wrongful or questionable conduct by a defendant and have approached that subject with concern for its potential to prejudice the jury. United States v. Masters, 450 F.2d 866 (9th Cir. 1971), is indicative of how the Courts are particularly sensitive to the problems inherent in admitting general evidence of a defendant's uncharged bad conduct in connection with a case where the charge directly related to another, but similar, form of bad conduct. In Masters, the prosecutor asked one defendant whether she had ever seen marijuana at the home of the principals and asked Masters whether he had smoked any marijuana during a recent trip to Colorado to which he answered in the negative. Concluding that the purpose of this questioning was to portray Masters to the jury as a drug user and then strongly disapproving of this prosecution tactic, the Court thereafter stated:

> "To have any relevance to the offense charged. these questions require the jury to draw the improbably inference that one who occasionally uses marijuana is likely to engage in the smuggling conspiracy. We see little or no significant relationship between isolated incidents of marijuana consumption and willingness to engage in a smuggling conspiracy. On that theory, anyone who drank during the Prohibition Era should have been a rum-running suspect." 450 F.2d at 867.

Finding the prejudicial nature of such an inquiry far outweighed whatever minute probative value it may have had for showing commission of the smuggling offense, the Court, however, held the error to be harmless beyond a reasonable doubt due to the strong independent evidence of guilt. 450 F.2d at 868.

In <u>United States v. Bettencourt</u>, 614 F.2d 214 (9th Cir. 1980), the District Court, over objection, admitted testimony that the defendant had been arrested for interfering with local police officers during the course of a search some 21 months before the incident which formed the basis of the pending charge. The defendant was not prosecuted following his arrest and was later successful in having his arrest record expunged. The District Judge admitted the evidence under Rule 404(b). (Evidence of an act going to prove the defendant's knowledge or intent.)

> "We do not see how, or in what manner, it can be said that whatever crime may have been committed in the possession, transportation, or concealment of such marijuana, it in any way relates to or tends to prove the commission of the separate and distinct crime as set forth in the indictment. <u>The general rule is well established in this Circuit, as elsewhere, that when a defendant is on trial for a specific offense evidence of a distinct offense unconnected with that charge in the indictment is not admissible.</u> (See citations omitted.)" (364 F.2d at 944) [Emphasis added.]

On appeal, the Court held that the evidence should have been excluded under Rule 403 because, even if relevant, its prejudicial effect "substantially outweighed" its probative value. All the evidence tended to prove was that the defendant had a turbulent or quarrelsome disposition, but that kind of proof is not relevant in the case. In other words, except to prove the defendant's propensity to resort to self-help, a commentary on his character, there was no rational connection between the two occurrences. Finally, the defendant was never prosecuted or convicted following the previous arrest, so his state of mind during that prior incident may have been wholly innocent. At best it remained unknown. "Because intent on that earlier occasion was never proved, there is not basis

6

for inferring that [the defendant] intended to assault or interfere with the state officers then, or with federal officers now." 614 F.2d at 218.

The defendant's prior record, dates back many years before the instant offenses and are unrelated and totally dissimilar to the offenses charged against him. The potential violation of state or federal laws are likewise only tangentially related to the instant offenses. There is no basis for allowing such evidence in under Fed.R.Evid. 404(b). Even if there were, the minimal probative value of the evidence would be totally outweighed by the prejudice that would be caused to defendant.

The same reasoning should be followed by this Court in ruling the evidence inadmissible. Balanced against the minimal probative value of any prior wrongful or questionable conduct by defendant is the substantial, perhaps inherent, prejudicial import of such evidence for the jury. Even though carefully instructed, the jurors would likely regard such evidence as proof of the defendant's illegal conduct in this case and conclude that he would necessarily have attempted to entice a minor into sexual activity over the internet. It is thus precisely because of this danger of unfair prejudice, when compared to the very low probative value of the prior and other acts, which requires their complete exclusion.

//

//

//

In conclusion, it is therefore submitted that the government be precluded from using evidence of prior or alleged uncharged misconduct of defendant at trial.

DATED: Honolulu, Hawaii, May 9, 2006.

*James T. Low*
_____
JAMES T. LOW
Defendant Pro Se