IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00260 JMS |
| | ) | |
| Plaintiff, | ) | MEMORANDUM IN SUPPORT OF |
| | ) | MOTION |
| vs. | ) | |
| | ) | |
| JAMES T. LOW, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM IN SUPPORT OF MOTION

Severance of Counts is Mandatory. Rule 8(a), Federal Rules of Criminal Procedure, provides that two or more offenses may be charged in the same indictment only if they "are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." "Misjoinder under Rule 8 is prejudicial per se and if the limits of the rule are exceeded, severance is mandatory." United States v. Kabbaby, 672 F.2d 857, 860 (11th Cir. 1982).

The legal question of whether joinder is proper under Rule 8(a)'s requirement of the "same series of acts or transactions" must be based on a finding that there is a substantial identity of facts and participants between the events charged. Under this standard, joinder of the two sets of counts is not proper. The counts here relate to completely separate allegations – one a drug conspiracy, the other a possession of

firearms and ammunition offense. Clearly, the disparity between the facts of the two sets of counts requires and mandates severance to avoid violation of defendant's substantial rights under the constitution, laws, and rules here applicable.

<u>Continued Joinder of Counts is Prejudicial</u>. Even if joinder is not found to be prejudicial <u>per se</u> under Rule 8(a), the prejudicial effect of joining the counts requires severance. Under Rule 14, Federal Rules of Criminal Procedure, "[i]f it appears that a defendant is . . . prejudiced by a joinder of offenses . . . the court may order an election or separate trial of counts . . . ." The primary concern is whether the jury will be able to segregate the evidence applicable to each count. <u>United States v. Vaccaro</u>, 816 F.2d 443, 448-49 (9th Cir.), <u>cert. denied</u>, 484 U.S. 928 (1987). In this case, defendant submits that the files of this case clearly demonstrate that he has carried the burden of showing that "joinder was so manifestly prejudicial that it outweighed the dominant concern with judicial economy." <u>United States v. Armstrong</u>, 621 F.2d 951, 954 (9th Cir. 1980). The prejudice of a joint trial must be such as to violate a defendant's fair trial rights. <u>United States v. Escalante</u>, 637 F.2d 1197, 1201 (9th Cir.), cert. denied, 449 U.S. 856 (1980).

The Ninth Circuit has recognized that "[t]here is a 'high risk of undue prejudice whenever . . . joinder of counts allows evidence of other crimes to be introduced in a trial of charges with respect to which the evidence would otherwise be inadmissible.'" <u>United States v. Lewis</u>, 787 F.2d 1318, 1321 (9th Cir. 1986), (quoting <u>United States v. Deniels</u>, 770 F.2d 1111 (D.C. Cir. 1985)). This is so because the use of other crimes evidence

pursuant to Rule 404(b) is discouraged:

> Our reluctance to sanction the use of evidence of other crimes stems from the underlying premise of our criminal justice system, that the defendant must be tried for what he did, not for who he is. Under our system, an individual may be convicted only for the offense of which he is charged and not for other unrelated criminal acts which he may have committed. Therefore, the guilt or innocence of the accused must be established by evidence relevant to the particular offense being tried, not by showing that the defendant engaged in other acts of wrongdoing.

United States v. Lewis, 787 F.2d at 1321. Jurors have more difficulty compartmentalizing damaging evidence derived from multiple counts than separating evidence against several defendants. In fact, studies have shown that "joinder of counts tends to prejudice juror's perceptions of the defendant and of the strength of the evidence on both sides of the case." United States v. Lewis, 787 F.2d at 1322. This is one of those cases where severance is mandated because of the prejudicial effect that joinder of counts has caused.

The defendant was arrested on or about June 8, 2006, was detained without bail, and was originally charged by indictment for two (counts 1 and 3) drug counts on June 22, 2005. A special information was filed on September 1, 2006 alleging prior drug convictions pursuant to 21 U.S.C. § 851. The drug counts were based upon a meeting set up by a cooperating codefendant. Firearms or ammunition were recovered pursuant to a search warrant from a storage locker in a location unrelated to the drug transactions alleged in counts 1 and 2. Indeed, no felon in possession of firearms or ammunition charge was filed upon defendant's arrest and such a charge was not filed until made a part

3

of the second superseding indictment on April 12, 2006, less than a month before the then scheduled jury trial date of May 2, 2006. By combining count 3 with counts 1 and 2, the government now seeks to be allowed to use otherwise inadmissible evidence of firearms possession and a prior felony conviction record to prejudice the defendant's rights to defend himself as to the drug counts. The felon in possession of firearms charge would irreparably taint the defendant's ability to defend himself on the drug charges because evidence concerning the possession charge would paint the defendant as a bad person because of his prior convictions and a dangerous person because of the possession of firearms and ammunition, despite the fact that the drug charges are not clearly related to the possession charge. Guilt or innocence must be established by evidence relating to a particular charge and not by evidence showing other bad acts. United States v. Hodges, 770 F.2d 1475, amended, 789 F.2d 1250 (9th Cir. 1986).

Conversely, the firearms and ammunition charge is based upon the results of a search and seizure of evidence pursuant to a search warrant from a storage locker alleged to have been registered in defendant's name. Defendant may wish to testify about the ownership of the items in the locker but would be forced to waive his rights to remain silent and not testify concerning the drug charges if his wished to defend himself on the weapons possession charge. Severance should be granted where the defendant wishes to testify on one count and elects to remain silent for another count. Cross v. United States, 335 F.2d 987 (D.C. Cir. 1964).

Accordingly, it is respectfully submitted that defendant's motion to sever counts be granted in order to afford defendant a fair trial.

Dated: Honolulu, Hawaii, May 15, 2006.

                                    */s/ James T. Low*
                                    JAMES T. LOW
                                    Defendant Pro Se