IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00260 JMS |
| | ) | |
| Plaintiff, | ) | MEMORANDUM IN SUPPORT OF |
| | ) | MOTION |
| vs. | ) | |
| | ) | |
| JAMES T. LOW, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MEMORANDUM IN SUPPORT OF MOTION

    <u>Government Conduct Violates the Due Process Clause</u>.  The Due Process Caluse protects all defendants from vindictive treatment based of the exercise of a defendant's constitutional and statutory rights.  <u>United States v. Goodwin</u>, 457 U.S. 368, 372 (1982). A threat by the prosecution, express or implied, to increase charges if the defendant insists on exercising a constitutional right, such as the right to a jury trial or to represent himself, is such a circumstance.  <u>Id</u>. at 368.

    In the instant case, such a circumstance clearly exists.  The defendant was arrested on or about June 8-9, 2006, was detained without bail, and was originally charged by indictment for two (counts 1 and 3) drug counts on June 22, 2005.  When he declined to enter a plea in the case, a special information was filed on September 1, 2006 alleging prior drug convictions pursuant to 21 U.S.C. § 851.

A first superseding indictment was then filed on September 1, 2005, again alleging two drug counts against him. When defendant declined to enter a guilty plea and thereafter sought and was granted the right to represent himself at trial in March 2006, the government filed a second superseding indictment on April 12, 2006, in which in addition to the existing drug conspiracy and substantive counts, the government charged defendant in count 3 with violations of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), for being a felon in possession on June 8, 2005 of four different firearms and over 700 rounds of ammunition.

The evidence and information for the firearms and ammunition count were seized at the time of defendant's arrest on June 8, 2005 pursuant to a warrant search of a locker in defendant's name.

There were no independent or intervening circumstances concerning the firearms and ammunition charge from the time of defendant's initial arrest, and indeed count 3 of the second superseding indictment is based upon facts and circumstances known to the government at the time it filed the first and second indictment.

There is therefore a presumption of vindictive prosecution. Unlike United States v. Esposito, 968 F.2d 300, 306 (3d Cir. 1992), where a prosecutorial action based on new facts prevented the presumption of vindictive conduct, the facts and circumstances of this case clearly raise such a presumption.

//

//

Accordingly, it is respectfully submitted that the all charges against defendant be dismissed with prejudice because of the government's vindictive prosecution.

Dated: Honolulu, Hawaii, May 12, 2006.

_____
JAMES T. LOW
Defendant Pro Se