EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI  #2286
Chief, Narcotics Section

MARK A. INCIONG   CA BAR #163443
Assistant U.S. Attorney
PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
mark.inciong@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00260 JMS |
| | ) | |
| Plaintiff, | ) | UNITED STATES OF AMERICA'S |
| | ) | RESPONSE TO DEFENDANT'S |
| vs. | ) | FOR DISCOVERY; |
| | ) | UNITED STATES MOTION FOR |
| | ) | RECIPROCAL DISCOVERY; |
| JAMES LOW,         (01) | ) | CERTIFICATE OF SERVICE |
| | ) | |
| | ) | Date: June 1, 2006 |
| Defendant. | ) | Time: 9:00 a.m. |
| | ) | Judge: Hon. Alan C. Kay |

**UNITED STATES OF AMERICA'S RESPONSE TO
DEFENDANT'S MOTION TO COMPEL DISCOVERY**

COMES NOW the United States of America, by and through Edward H. Kubo, Jr., United States Attorney, and Mark A. Inciong, Assistant United States Attorney, and hereby files its response to Defendant's motion to compel discovery.  Said response is based upon the files and records of this case,

together with the attached statement of facts and memorandum of points and authorities.

I

**POINTS AND AUTHORITIES**

    A.    **DEFENDANT'S MOTION TO COMPEL DISCOVERY**

The United States produced approximately 45 pages of discovery on July 8, 2005, an additional 47 pages on July 11, 2005, an additional 5 pages on July 27, 2005, an additional 55 pages on September 1, 2005, an additional 18 pages on September 13, 2005, an additional 105 pages on April 21, 2006 and, most recently, 12 additional pages on May 22, 2005.

Any additional discovery which comes to light, although not anticipated, will be produced immediately.  The discovery produced is in excess of that required by Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act (now covered by Rule 26.2 of the Federal Rules of Criminal Procedure).  As to the physical evidence, the United States will make it available for viewing by defendant at a mutually convenient time and place.

As to exculpatory information, the United States is well aware of its obligations under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972) and will comply.  The United States will also produce any evidence of bias/motive, impeachment or criminal investigation of any of its witnesses of which it becomes aware.  An inquiry pursuant to

<u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991) will also be conducted.

 The United States will provide a list of witnesses in its trial memorandum. The grand jury transcript of any person who will testify at trial will also be produced. At this time, the United States intends to call co-defendant Michael Silva as a witness to testify against Defendant Low.

 The United States will provide information within its possession or control pertaining to the prior criminal history of the Defendant. Pursuant to its motion filed April 12, 2006, the United States intends to introduce factual evidence of the Defendant's prior drug convictions pursuant to 404(b) at trial. If such evidence of other crimes or prior convictions of the Defendant is discovered, the reports relating to those acts will also be made available.

 The United States will produce any reports of experts that it intends to use in its case-in-chief at trial or are material to the preparation of the defense. At this time, those experts will include a forensic chemist with the Drug Enforcement Administration Crime Lab who will testify that the substance(s) seized during this investigation is, in fact, methamphetamine; a DEA Special Agent who will testify regarding drug value and distributable amounts of methamphetamine; and a Special Agent with the Bureau of Alcohol, Tobacco & Firearms who will testify

that the firearms the Defendant possessed affected interstate commerce.

In view of the above-stated position of the United States concerning discovery, it is respectfully requested that no orders compelling specific discovery by the United States be made at this time. The United States also respectfully requests reciprocal discovery of the Defendant pursuant to Federal Rule of Criminal Procedure 16(b).

II

**MOTIONS BY THE UNITED STATES**

**A.  MOTION FOR RECIPROCAL DISCOVERY**

Defendant has moved for discovery from the United States pursuant to Fed. R. Crim. P. 16(a). The United States, therefore, requests that Defendant provide all reciprocal discovery to which the United States is entitled under Rule 16(b).

//

//

//

//

## III.

## CONCLUSION

Based on the above, the United States respectfully requests that Defendant Silva's motion to compel be denied.

DATED: May 19, 2006, at Honolulu, Hawaii.

                        EDWARD H. KUBO, JR.
                        United States Attorney


                By /s/ Mark A. Inciong
                   MARK A. INCIONG
                   Assistant U.S. Attorney

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served by First Class Mail:

JAMES LOW                                              May 22, 2006
Federal Detention Center
P. O. Box 30080
Honolulu, HI 96820
Defendant PRO SE


RICHARD KAWANA, ESQ.                                   May 22, 2006
810 Richards Street, Suite 851
Honolulu, HI 96813
Standby Counsel for Defendant
JAMES LOW


DATED: Honolulu, Hawaii, May 22, 2006.

/s/ M. Derby-Taufa'asau