EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Narcotics Section

MARK A. INCIONG  CA BAR #163443
Assistant U.S. Attorney
PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
mark.inciong@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00260 JMS |
| | ) | |
| Plaintiff, | ) | UNITED STATES OF AMERICA'S |
| | ) | MEMORANDUM IN OPPOSITION |
| vs. | ) | TO DEFENDANT'S MOTION TO |
| | ) | SEVER; CERTIFICATE OF |
| JAMES LOW,        (01) | ) | SERVICE |
| | ) | |
| | ) | Date:  June 1, 2006 |
| Defendant. | ) | Time:  9:00 a.m. |
| | ) | Judge: Hon. Alan C. Kay |
| | ) | |

**UNITED STATES OF AMERICA'S MEMORANDUM IN
OPPOSITION TO DEFENDANT'S MOTION TO SEVER**

COMES NOW the United States of America, by and through

Edward H. Kubo, Jr., United  States Attorney, and Mark A.

Inciong, Assistant United States Attorney, and hereby  files its

response to Defendant's above-referenced motion.  Said response

is based upon the files and records of this case, together with

the attached statement of facts and memorandum of points and
authorities.

## I.

### POINTS & AUTHORITIES

A.    ALL COUNTS ARE PROPERLY JOINED.

Defendant Low argues that Count 3, which charges him
with being a felon in possession of a firearm and ammunition is
improperly joined under Rule 8(a), Federal Rules of Criminal
Procedure which governs joinder of offenses and defendants.  Rule
8 provides in full as follows:

> (a) Joinder of Offenses.  Two or more offenses may
> be charged in the same indictment or information in a
> separate count for each offense if the offenses
> charged, whether felonies or misdemeanors or both, are
> of the same or similar character or are based on the
> same act or transaction or on two more acts or
> transactions connected together or constituting parts
> of a common scheme or plan.

Count 3 is properly joined under Rule 8.  The Ninth
Circuit has consistently recognized that Rule 8(a) is to be
construed broadly in favor of joinder.  See United States v.
Friedman, 445 F.2d 1076, 1082 (9th Cir. 1971).

The party seeking the severance carries the burden of
proof.  United States v. Disla, 805 F.2d 1340, 1353 (9th Cir.
1986).  Rule 8(a) permits joinder against one defendant of
offenses "of the same or similar character" even where those
offenses arise out of wholly separate, unconnected transactions.

2

<u>United States v. Satterfield</u>, 548 F.2d 1341, 1344 (9th Cir. l977).

In this case, the "similar character" between Count 3 and the drug counts in the indictment is that all charges arose from the Defendant's distribution of drugs.   The firearm and ammunition found in Low's storage locker just another of the tools the Defendant employed in his drug trade.

Therefore, joinder of count 3 is proper because that count and the other counts are of "same or similar character" and "constituting parts of a common scheme or plan."


      B.    <u>SEVERANCE SHOULD BE DENIED BECAUSE DEFENDANT HAS NOT SHOWN THAT ANY ALLEGED "SPILLOVER" WILL DEPRIVE HIM OF A FAIR TRIAL</u>.


Defendant requests relief from joinder under Rule 14, Federal Rules of Criminal Procedure.   Rule 14 provides that if a defendant is prejudiced by a joinder of offenses, the trial court may order an election or separate trials of counts.

The well-established rule is that jointly indicted defendants should be jointly tried.   <u>United States v. Matta-Ballesteros</u>, 71 F.3d 754, 770 (9th Cir. 1994); <u>United States v. Sears</u>, 663 F.2d 896, 900 (9th Cir. 1981), <u>cert. denied</u> <u>sub nom.</u>, <u>Werner v. United States</u>, 455 U.S. 1027 (1982).   Severance should only be granted in rare circumstances when a defendant meets a heavy burden of demonstrating serious prejudice to his right to a

fair trial.  <u>United States v. Golb</u>, 69 F.3d 1417, 1426 (9th Cir. 1995), <u>cert. denied</u>, 517 U.S. 1127 (1996); <u>United States v. Vasquez-Velasco</u>, 15 F.3d 833, 843-844 (9th Cir. 1994).  "Clearly this is not an easy burden to meet." <u>United States v. Escalante</u>, 637 F.2d 1197, 1201 (9th Cir. 1980), <u>cert. denied</u>, 449 U.S. 856 (1980).

The allegation by the defendant that the jury might be confused or cumulate the evidence rarely justifies a severance because, to a certain degree, such risks are inherent in all joinder cases.  See, e.g., <u>United States v. Reed</u>, 620 F.2d 709 (9th Cir. 1980).  The test is whether joinder "is so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever.  <u>United States v. Kenny</u>, 645 F.2d 1323, 1345 (9th Cir. 1981), <u>cert. denied</u>, 452 U.S. 920 (1981).  The defendant asserts that the jury will be unable to distinguish Count 3 from the drug counts and that Count 3 is more prejudicial than the first two drug counts.  Defendant apparently has little faith in the collective and individual ability of a jury to segregate the evidence as it relates to each count.   The Ninth Circuit and other courts have routinely found the task is not beyond the capacity of a jury of one's peers.

In fact, judicial economy is so weighty a policy that it permits joinder "despite some degree of bias inherent in joint

4

trials." <u>United States v. Tootick</u>, 952 F.2d 1078, 1080 (9th Cir. 1991).  In this case, the cost to judicial economy that would result from a severance would be substantial.  There would be a large duplication of presentation of evidence at separate trials.

In many instances, measures less drastic than ordering separate trials will suffice to cure any risk of prejudice.  As the Ninth Circuit has held, appropriate limiting instructions, coupled with the "almost invariable" rule that "juries are presumed to follow their instructions," <u>Richardson v. Marsh</u>, 481 U.S. 200, 206, 211 (1987), will serve to minimize the risk of prejudice to any defendant.  <u>See, e.g.</u>, <u>Golb</u>, 69 F.3d 1417, 1426 (9th Cir. 1995), <u>cert. denied</u>, 517 U.S. 1127 (1996).  The Court's General Jury Instruction 17D for multiple defendants, multiple counts specifically addresses this concern:  "A separate crime or offense is charged against one  or more of the defendants in each count of the indictment.  Each offense, and the evidence pertaining to it should be considered separately.  Also, the case of each defendant should be considered separately and individually.  The fact that you may find one or more of the accused guilty of any of the offenses should not control your verdict as to any other offense or any other defendant."

With these principles in mind, defendant is not entitled to severance in any shape or form.

## IV.

### CONCLUSION

Because on all of the above, the United States respectfully requests that Defendant Low's motion to sever be denied.

DATED: May 19, 2006, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney


By /s/ Mark A. Inciong
MARK A. INCIONG
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:


Served by First Class Mail:


JAMES LOW                          May 22, 2006
Federal Detention Center
P. O. Box 30080
Honolulu, HI 96820
Defendant PRO SE


RICHARD KAWANA, ESQ.               May 22, 2006
810 Richards Street, Suite 851
Honolulu, HI 96813
Standby Counsel for Defendant
JAMES LOW


DATED:  Honolulu, Hawaii, May 22, 2006.


/s/ M. Derby-Taufa'asau