# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES, | ) | Cr. No. 05-00260 ACK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES LOW, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER REGARDING MOTIONS IN LIMINE AND OTHER PRE-TRIAL MOTIONS

### BACKGROUND

On April 12, 2006, a grand jury returned a Second Superseding Indictment against James Low ("Defendant") on the following counts:

(1) Beginning at a date unknown and continuing up to and including June 8, 2005, along with Michael Silva, knowingly and intentionally combining, conspiring, confederating and agreeing together, with each other, and with others known and unknown, to distribute with each other, and with others known and unknown, to distribute 50 grams or more, to wit: approximately 2,935 grams of methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance, all in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A);

(2) On or about June 8, 2005, knowingly and intentionally possessing, with intent to distribute, 50 grams or

more, to wit: approximately 2,831 grams of methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance, all in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A);

(3) On or about June 8, 2005, having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessing, in and affecting commerce, firearms and ammunition, to wit: (a) a Ruger, model 10/22, .22 caliber rifle, (b) a Glock, model 17, 9mm pistol, (c) a Glock, model 23, .40 caliber pistol, (d) a North American Arms .22 caliber pistol, (e) approximately 495 rounds of Winchester .22 caliber long rifle ammunition; (f) approximately 101 rounds of Winchester 9mm ammunition, (g) approximately 15 rounds of Federal .40 caliber ammunition, (h) approximately five rounds of CCI .40 caliber ammunition; (i) approximately four rounds of CCI .22 caliber ammunition, all in violation of 18 U.S.C. §§ 922(g)(1) and 924 (a)(2).

Defendant's criminal trial is scheduled to commence on June 6, 2006. Defendant is representing himself _pro se_, with standby counsel appointed by the Court. On June 1, 2006, this Court conducted a final pretrial conference at which it heard arguments on motions in limine and other pre-trial motions. This order memorializes the rulings made at the final pretrial

conference.[1]

## DISCUSSION

I.   **Government's Motions**

   A.   **Government's Motion in Limine to Limit Defendant's Opening Statement**

On April 12, 2006, the Government filed a motion in limine requesting that the Court limit Defendant's opening statement to matters that will be proven by admissible evidence at trial.  See United States Motions in Limine at 4 (Apr. 12, 2006).  Defendant did not file an opposition.

The purpose of opening statement "is to state what evidence will be presented, to make it easier for the jurors to understand what is to follow, and to relate parts of the evidence and testimony to the whole; it is not an occasion for argument. To make statements which will not or cannot be supported by proof is, if it relates to significant elements of the case, professional misconduct."  United States v. Dinitz, 424 U.S. 600, 612 (1976) (Chief Justice Burger concurring); see also Arizona v. Washington, 434 U.S. 497, 513 n.32 (1978) (quoting Chief Justice Burger's concurring opinion in Dinitz with approval).  The opening statement "should not refer to matters that are not to be presented as evidence."  United States v. Taren-Palma, 997 F.2d

---

[1] On May 15, 2006, Defendant filed a Motion to Dismiss Indictment for Violation of Right to Speedy Trial.  The Court will address that motion in a separate order.

3

525, 532 (9th Cir. 1993), <u>overruled on other grounds</u>, <u>United States v. Shabani</u>, 513 U.S. 10 (1994).

An improper opening statement frustrates public interest in having a just judgment reached by an impartial and untainted jury. <u>Arizona v. Washington</u>, 434 U.S. at 512. Depending upon the severity of an improper comment, the court may choose to instruct the jury to disregard the improper comment, discipline counsel, remove counsel from the trial, disallow Defendant from further self-representation, or declare a mistrial. <u>See</u> <u>id.</u> at 512-513.

The Court grants the Government's motion in limine regarding Defendant's opening statement. Thus, the Court cautions Defendant that he may not, in his opening statement, comment on evidence that he does not intend to introduce at trial. Nor may Defendant use his opening statement to testify, make arguments, or refer to theories of defense for which he intends to present no evidence at trial. Defendant may, however, comment in his opening statement on what evidence he intends to present to the jury during the trial, how that evidence fits together, and what theory of defense is supported by that evidence.

The Government also requests that the Court admonish Defendant from arguing facts not in evidence in closing argument. <u>See</u> <u>id.</u> at 7. Closing arguments "must be based on the evidence

4

at trial." <u>Taren-Palma</u>, 997 F.2d at 532.  Therefore, the Court

cautions Defendant that his closing argument must be based on the

evidence admitted at trial and may not argue facts for which no

evidence has been admitted at trial.

### B.  Government's Motion in Limine to Preclude Hearsay in Witness Testimony

On April 12, 2006, the Government filed a motion in

limine requesting that the Court order Defendant to refrain from

seeking to introduce hearsay at trial, particularly through

testimony by defense witnesses that the Government contends would

allow Defendant to "testify" without taking the stand.  <u>See</u>

United States Motions in Limine at 7-8.  Defendant did not file

an opposition.

Federal Rule of Evidence 801 ("Rule 801") defines

hearsay as "a statement, other than one made by the declarant

while testifying at the trial or hearing, offered to prove the

truth of the matter asserted."  <u>See</u> Fed. R. Evid. 801(c).

Federal Rule of Evidence 802 ("Rule 802") prohibits the admission

of hearsay at trial.  <u>See</u> Fed. R. Evid. 802.  Rule 801 further

defines hearsay and Rules 803 to 807 contain exceptions and other

limitations to the hearsay rule.

The Court grants the Government's motion in limine in

that the Court cautions Defendant that he may not attempt to

elicit inadmissible hearsay from any witness, including himself

should he decide to testify.  During the trial, if Defendant asks

a question of a witness that the Government believes may elicit inadmissible hearsay, the Government may raise an objection at that time.

### C.   Government's Motion in Limine to Preclude References to Penalty or Sympathy

On April 12, 2006, the Government filed a motion in limine requesting that the Court order Defendant to refrain from referencing Defendant's age, possible penalty if convicted, or other attempts to appeal to the jury's sense of sympathy and pity during the trial and/or closing argument.  See United States Motions in Limine at 8-10.  Defendant did not file an opposition.

The Court grants the Government's motion in limine to the following extent.  Defendant may not, at any point in the trial, reference or introduce evidence of any possible penalty he faces if convicted.  The Court will be instructing the jury that it may not consider punishment in deciding whether the Government has proved its case against Defendant beyond a reasonable doubt.  See 9th Cir. Crim. Jury Inst. 7.4 (2003).  Defendant may mention or introduce evidence of his age only if that fact or evidence is relevant for some other purpose.  See Fed. R. Evid. 401 and 402.

### D.   Government's Motion in Limine to Admit Expert Testimony

On April 12, 2006, the Government filed a motion in limine requesting the Court to admit expert testimony.  See United States Motions in Limine at 10-11.  Defendant did not file an opposition.

First, the Government intends to present expert testimony about the quantity, wholesale value, and street value of the substance (allegedly methamphetamine) seized from Defendant's residences.  Id. at 11.  Second, the Government intends to present expert testimony regarding the identity of the substance seized from Defendant's residences.  Id. at 12.

The Court finds that the proposed expert evidence is relevant to prove Defendant's knowledge and intent.  The Ninth Circuit has explicitly found that intent to distribute may be inferred from the purity, quantity, street value, and wholesale value of the drug possessed.  See United States v. Savinovich, 845 F.2d 834, 838 (9th Cir. 1988) (jury could properly infer intent to distribute from evidence that defendant possessed a certain weight and purity of drug with a certain street value); United States v. Ogbuehi, 18 F.3d 807, 812 (9th Cir. 1994) (DEA agents can testify as to the street value of narcotics). Therefore, the testimony will assist the trier of fact to understand the evidence or to determine a fact in issue.  See Fed. R. Evid. 702.

At this time, the Court has not been provided with sufficient information about the proposed expert witnesses to determine that they are qualified to testify as experts on these issues.  Therefore, the Court defers ruling on the Government's motion at this time.  The Court will reserve its judgment until

7

the Government makes a sufficient proffer(s) at trial.

   **E.   Government's Motion to Admit Rule 404(b) Evidence**

        On April 12, 2006, the Government filed a motion to admit evidence of prior bad acts pursuant to Federal Rule of Evidence 404(b) ("Rule 404(b)").  See Motion to Admit 404(b) Evidence (Apr. 12, 2006).  Defendant did not file an opposition but he did file a counter motion to exclude Rule 404(b) evidence, which this Court has considered in evaluating the Government's motion.

        The Government seeks to introduce evidence of Defendant's three prior drug related arrests and felony convictions in its case in chief.  See Motion to Admit 404(b) Evidence 4-6.  Brief summaries of the prior bad acts follow, based on the information provided in the Government's motion and its Special Information as to Prior Drug Convictions (filed Sept. 1, 2005):

        (1) On January 23, 1995, Defendant was arrested by Honolulu police for unauthorized control of a propelled vehicle. A search warrant executed on the waist bag worn by Defendant at the time of his arrest revealed a glass pipe and several zip lock bags containing a crystalline substance later identified as methamphetamine with a total weight of 1.15 grams.  Defendant was subsequently convicted of Promoting a Dangerous Drug in the Third Degree, a felony drug offense, in violation of H.R.S. § 712-1243,

in state court.  Defendant was sentenced on July 31, 1996 to a five year period of probation; on July 7, 1998, Defendant's probation was revoked and Defendant was sentenced to five years imprisonment.

(2) On March 1, 1995, Defendant (who identified himself by a false name) was detained by Daiei security personnel for shoplifting.  A search of the waist bag worn by Defendant revealed Daiei merchandise, an ice pipe, and three cellophane baggies containing a crystal, rocklike substance later identified as methamphetamine with a total weight of 0.515 grams.  Defendant was convicted of Promoting a Dangerous Drug in the Third Degree, a felony drug offense, in violation of H.R.S. § 712-1243, in state court.  Defendant was sentenced on July 31, 1996 to a five year period of probation; on July 7, 1998, Defendant's probation was revoked and Defendant was sentenced to five years imprisonment.

(3) On January 6, 1997, Defendant was detained by Sears security personnel for shoplifting.  A search of the backpack carried by Defendant revealed a waist bag containing plastic bags, a glass pipe, and two additional clear bags containing a white crystalline substance later identified as methamphetamine with a weight of .323 grams.  On June 4, 1997, Defendant was convicted by a jury of Promoting a Dangerous Drug in the Third Degree, a felony drug offense, in violation of H.R.S. § 712-1243,

9

in state court.  On July 7, 1998, Defendant was sentenced to five years imprisonment.

Rule 404(b) prohibits admission of evidence of other crimes, wrongs, or acts to prove the character of a person in order to show action in conformity therewith.  <u>See</u> Fed. R. Evid. 404(b).  The rule, however, permits admission of such evidence for other purposes, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  <u>Id.</u>  Rule 404(b) is "one of inclusion which admits evidence of other crimes or acts relevant to an issue in the trial, except where it tends to prove <u>only</u> criminal disposition."  <u>United States v. Rocha</u>, 553 F.2d 615, 616 (9th Cir. 1977) (emphasis added).

To be properly admitted under Rule 404(b), the evidence must satisfy the following four requirements: (1) it must prove a material element of the offense for which the defendant is now charged; (2) the prior conduct must be similar to the charged conduct (in cases where knowledge and/or intent are at issue); (3) proof of the prior conduct must be based upon sufficient evidence; and (4) the prior conduct must not be too remote in time.  <u>United States v. Arambula-Ruiz</u>, 987 F.2d 599, 602 (9th Cir. 1993); <u>United States v. Vo</u>, 413 F.3d 1010, 1018 (9th Cir. 2005).  In addition to this four-part test under Rule 404(b), the prior bad acts evidence must be analyzed pursuant to Federal Rule

of Evidence 403 ("Rule 403") to determine whether its probative value outweighs its prejudicial effect and the Government must establish that the evidence is relevant to one or more issues in the case.  See Arambula-Ruiz, 987 F.2d at 602-603.

The evidence of Defendant's other bad acts meets these requirements.  First, the Government has demonstrated that Defendant's alleged prior drug offenses are relevant to and tend to prove a material element of the charged offenses because the prior acts tend to show knowledge, which is a material element of the crimes of conspiracy to distribute and possess with intent to distribute methamphetamine (count 1) and possession with intent to distribute methamphetamine (count 2).  United States v. Ramirez-Robles, 386 F.3d 1234, 1243 (9th Cir. 2004) (user quantity conviction can be used to prove that defendant knew what the drug was and how to identify it); Arambula-Ruiz, 987 F.2d at 603 (knowledge is a material element of conspiring to possess heroin with intent to distribute and possessing heroin with intent to distribute; prior conviction for possession of heroin with intent to distribute is relevant to a material element of charged offense because it tends to show knowledge); United States v. Jones, 982 F.2d 380, 382 (9th Cir. 1993) (knowledge and intent are elements of possession with intent to distribute marijuana; evidence of prior involvement in marijuana smuggling operations is admissible because it tends to prove knowledge and

intent).  The prior drug offenses are also relevant to show absence of mistake or accident.  See e.g., Ramirez-Robles, 386 F.3d at 1243 (noting that prior drug use is relevant to show absence of mistake or accident).  Additionally, the fact that Defendant had been convicted of a felony prior to the time he possessed a firearm is a necessary element of count 3 (possession of a firearm in violation of 18 U.S.C. § 922(g)).

Second, the prior conduct is factually similar to the conduct for which Defendant is now charged (because in each case Defendant possessed methamphetamine and related paraphernalia) and makes the existence of Defendant's knowledge of methamphetamine more probable than they would be without the evidence.  Arambula-Ruiz, 987 F.2d at 603 (evidence that defendant had been convicted of possessing heroin with the intent to distribute made his knowledge of current heroin sale more probably than not; evidence of prior conviction also helped disprove defendant's contention that he was an innocent bystander); cf. Ramirez-Robles, 386 F.3d at 1243 (similarity test not met where government sought to introduce prior conviction of user quantity to prove familiarity with distribution practices as opposed to familiarity with the drug itself).

Third, public records of Defendant's judgments, convictions, plea agreements and/or testimony of the involved law enforcement officers provide sufficient evidence for the jury to

believe that Defendant committed the prior acts. <u>Arambula-Ruiz</u>, 987 F.2d at 603 (fact that defendant was convicted of the prior drug offense is sufficient proof that he committed the prior act).

Fourth, the other acts are not too remote in time. The acts took place approximately 10 years and 8 years before Defendant's arrest in this case, and Defendant spent some of that time incarcerated. Especially considering that the same drug was involved in each prior act and in the current charges, making the prior acts highly probative as to Defendant's knowledge that the substances retrieved from his residences are methamphetamine, the Court finds that the prior bad acts were not too remote in time. <u>See</u> <u>United States v. Spillone</u>, 879 F.2d 514, 519 (9th Cir. 1989) (adopting a flexible rule of remoteness in which the court may examine the theory of admissibility and the similarity of the acts in determining remoteness; over ten year old prior conviction was not too remote in time where it was "fairly" similar to the charged offenses); <u>United States v. Ross</u>, 886 F.2d 264, 267 (9th Cir. 1989) (thirteen year old conviction is not too remote in time).

The Court also finds that the probative value of the bad acts evidence outweighs the danger of unfair prejudice, confusion of the issues, or misleading the jury. <u>See</u> Fed. R. Evid. 403. As discussed, the evidence of other bad acts is

highly probative as to Defendant's knowledge of methamphetamine, Defendant's absence of mistake, and whether Defendant was a convicted felon at the time he possessed firearms.  Although there is some risk of unfair prejudice, that risk can be minimized with a cautionary jury instruction.  <u>See</u> <u>United States v. Nadler</u>, 698 F.2d 995, 1000 (9th Cir. 1983).  To further minimize risk of unfair prejudice, the Court will not permit the Government to present excessive evidence of the prior convictions.

Accordingly, the Court grants the Government's motion to admit Rule 404(b) evidence of Defendant's three prior convictions for the limited purpose of demonstrating Defendant's knowledge of methamphetamine, absence of mistake, and whether Defendant was a convicted felon at the time he possessed firearms.  The Court orders the Government to submit a proposed limiting jury instruction.

**F.   Government's Motion to Impeach Defendant**

On April 12, 2006, the Government filed a motion to impeach Defendant pursuant to Federal Rule of Evidence 609 ("Rule 609") if Defendant testifies at trial.  <u>See</u> Motion to Impeach Defendant Pursuant to Rule 609 (Apr. 12, 2006).  Defendant did not file an opposition.

Rule 609 provides, in relevant part, that evidence of prior felony convictions is admissible for the purpose of

14

attacking the credibility of a witness if the prejudicial effect of the evidence is outweighed by its probative value.  See Fed. R. Evid. 609(a)(1); United States v. Browne, 829 F.2d 760, 762 (9th Cir. 1987).  A district court should consider five factors in balancing the probative value of a defendant's prior convictions against that evidence's prejudicial effect: "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness'[s] subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and [] (5) the centrality of the defendant's credibility."  Browne, 829 F.2d at 762-763.

The Court notes that it has already discussed the highly probative nature of Defendant's prior convictions and found that evidence of those convictions can be admitted for other limited purposes under Rule 404(b).[2]  The Government's motion to admit the evidence for impeachment purposes, however, is based on the assumption that if Defendant chooses to testify, his testimony will claim he had no knowledge of the

---

[2]Additionally, the Court notes that Defendant was released from confinement for his prior convictions sometime after the re-sentencing/sentencing took place on July 7, 1998, which was less than ten years prior to his instant arrest in June 2005.  Rule 609 limits evidence of a conviction where more than ten years has elapses since the release of the defendant from the confinement imposed for that conviction.  See Fed. R. Evid. 609(b).  Less than ten years has elapsed here.

methamphetamine found in his residences.  See Motion to Impeach

Defendant Pursuant to Rule 609 at 7.  The Court declines to make

this assumption at this time; the impeachment value of the prior

crimes, the importance of Defendant's testimony, and the

centrality of Defendant's credibility cannot be sufficiently

determined until Defendant testifies at trial.[3]  Therefore, the

Court denies the Government's motion to impeach at this time, but

permits the Government to renew its motion during the trial if

appropriate.  The Court cautions Defendant that if he testifies

that he had no knowledge of the methamphetamine found in his

residences, the Court is inclined to allow evidence of his prior

convictions for impeachment purposes pursuant to Rule 609, but

only with the use of a limiting jury instruction.  The Court

orders the Government to submit a proposed limiting instruction

to be used if the Court admits evidence of Defendant's prior

convictions for purposes of impeachment; such limiting

instruction should modify the limiting instruction requested

elsewhere in this order with respect to Rule 404(b).

---

[3]As discussed with respect to Rule 404(b), the prior crimes
are similar to the crimes alleged in counts 1 and 2.  This
similarity weighs against admitting evidence of the prior crimes
for impeachment purposes under Rule 609, however, it is only one
of the five balancing factors that the Court must consider.  See
Browne, 829 F.2d at 763 (similarity of the prior conviction to
the instant crime weighs against admissibility, however, other
factors tipped the balance in favor of admissibility).

16

## II.  Defendant's Motions

### A.  Defendant's Motion in Limine regarding Vouching

On May 9, 2006, Defendant filed a Motion in Limine regarding Vouching for Credibility of Government Witnesses, in which Defendant requests an order prohibiting the government from vouching for the credibility of government witnesses, whether by testimony of other witnesses or by argument of counsel.  See Motion in Limine regarding Vouching for Credibility of Government Witnesses at 1.

On May 22, 2006, the Government filed a response in which it agreed that no witness vouching should occur from either party at trial and joining in Defendant's motion.  See Response to Defendant Low's Motion to Preclude Vouching for the Credibility of Government Witnesses at 2 (May 22, 2006).

Accordingly, Defendant's motion to preclude witness vouching is granted.  The Court orders that neither the Government nor Defendant may vouch for witnesses at trial.

### B.  Defendant's Motion in Limine regarding Hearsay / Co-Conspirator Statements

On May 9, 2006, Defendant filed a Motion in Limine to Determine Admissibility of FRE 801(d)(2) Statements, requesting that the Government be precluded from introducing co-conspirator statements at trial if those statements contain hearsay. Specifically, the Defendant requests that "[i]f the government is

17

unable to make the required foundational showings, then it is requested that the court prevent the use of such co-conspirator statements from use in trial." <u>See</u> Motion in Limine to Determine Admissibility of FRE 801(d)(2) Statements at 2.

On May 22, 2006, the Government filed a response, stating that it will seek to introduce non-hearsay evidence at trial pursuant to Federal Rule of Evidence 801(d)(2)(E) ("Rule 801(d)(2)(E)"). <u>See</u> Response and Opposition to Defendant Low's Motion for a Pretrial Hearing on the Admissibility of Co-Conspirator Statements at 2 (May 22, 2006).  The Government contends that, as required by the rule, each of those statements will be shown to have been made by a co-conspirator during the course of and in furtherance of the conspiracy.  <u>Id.</u>; <u>see also</u> Fed. R. Evid. 801(d)(2)(E).

Since the Court does not have before it at this time any specific proffered testimony, the Court cannot determine whether such hypothetical testimony would constitute hearsay. Accordingly, the Court denies Defendant's motion to exclude hearsay.  However, if during the trial Defendant believes insufficient foundation has been laid to establish a co-conspirator statement as non-hearsay, Defendant may object at that time.

**C.   Defendant's Motion regarding Vindictive Prosecution**

On May 15, 2006, Defendant filed a motion to dismiss the indictment for vindictive prosecution, arguing that the Government violated his constitutional rights by engaging in vindictive prosecution.  See Motion to Dismiss Indictment for Vindictive Prosecution at 1-2 (May 15, 2006).  Defendant argues that a presumption of vindictive prosecution exists in this case because the Government sought a second superseding indictment, which added a third count for firearm possession, after Defendant declined to enter a guilty plea and sought to represent himself at trial.  See id. at 2.  On May 22, 2006, the Government filed a response arguing that no vindictive prosecution could have occurred because the independent grand jury found probable cause to charge Defendant with each of the crimes.  See United States' Response to Defendant's Motion to Dismiss the Indictment for Vindictive Prosecution at 2 (May 22, 2006).

Vindictive prosecution occurs when a prosecutor violates a defendant's right to due process by seeking "additional charges solely to punish a defendant for exercising a constitutional or statutory right."  See United States v. Hernandez-Herrera, 273 F.3d 1213, 1217 (9th Cir. 2001).  However, "in the context of pretrial plea negotiations vindictiveness will not be presumed simply from the fact that a more severe charge followed on, or even resulted from, the defendant's exercise of a

19

right." Id. (quoting United States v. Gamez-Orduno, 235 F.3d 453, 462 (9th Cir. 2000)).

Nothing about the conduct of the Government suggests vindictiveness in this case. It is entirely appropriate for the Government to add charges to the indictment when a defendant refuses to cooperate; such additional charges do not, without more, give rise to a presumption of vindictiveness. See Hernandez-Herrera, 273 F.3d at 1917 (finding no presumption of vindictiveness where government charged defendant with crime after he refused to plead guilty); see also id. ("during plea negotiations, 'prosecutors may threaten additional charges and carry through on this threat, and . . . the filing of additional charges after a defendant refuses to plead guilty does not raise a presumption of vindictiveness'") (quoting United States v. VanDoren, 182 F.3d 1077, 1082 (9th Cir. 1999)).

Accordingly, the Court denies Defendant's motion to dismiss the indictment for vindictive prosecution.

### D.  Defendant's Motion to Sever Counts

On May 16, 2006, Defendant filed a Motion to Sever Counts, requesting that counts 1 and 2 be severed from count 3 of the Second Superseding Indictment. On May 22, 2006, the Government filed an Opposition to Defendant's Motion to Sever.

### 1.   Joinder under Rule 8(a)

Federal Rule of Criminal Procedure 8(a) ("Rule 8(a)")
states, in pertinent part:

> The indictment or information may charge a defendant in
> separate counts with 2 or more offenses if the offenses
> charged – whether felonies or misdemeanors or both –
> are of the same or similar character, or are based on
> the same act or transaction, or are connected with or
> constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a).  Joinder is the rule rather than the
exception.  See United States v. Armstrong, 621 F.2d 951, 954
(9th Cir. 1980).

The Court finds that joinder of the counts is proper
under Rule 8(a) because the drug offenses are of the same or
similar character of the firearm offense and constitute parts of
a common scheme or plan – Defendant allegedly used the guns as
tools in his drug trade.  See Opposition to Defendant's Motion to
Sever at 3; cf. United States v. Begun, 446 F.2d 32 (9th Cir.
1971) (finding joinder of narcotics counts with illegal
possession of firearms counts proper under Rule 8(a)).  Moreover,
joinder under Rule 8(a) is proper because testimonial and
physical evidence relating to the location, discovery, and
seizure of the firearms is common to all three counts.  See
United States v. VonWillie, 59 F.3d 922, 929 (9th Cir. 1995).

### 2.   Severance under Rule 14

Federal Rule of Criminal Procedure 14(a) ("Rule 14(a)")
states, in pertinent part, that

> If the joinder of offenses or defendants in an
> indictment . . . appears to prejudice a defendant or
> the government, the court may order separate trials of
> counts . . . or provide any other relief that justice
> requires.

Fed. R. Crim. P. 14(a) (emphasis added).

The Court has discretion to determine whether or not to sever the counts into separate trials if it appears that Defendant will otherwise be prejudiced. Id. To compel this Court to exercise its discretion to sever the counts, Defendant must demonstrate that joinder of the counts is so manifestly prejudicial that it outweighs the dominant concern with judicial economy. See United States v. Armstrong, 621 F.2d 951, 954 (9th Cir. 1980) ("joinder is the rule rather than the exception . . . the burden is on the defendant in his appeal following denial of the motion to sever to show that joinder was so manifestly prejudicial that it outweighed the dominant concern with judicial economy and compelled exercise of the court's discretion to sever"); see also VonWillie, 59 F.3d at 930 (affirming denial of severance where defendant did not show clear, manifest, or undue prejudice).

Defendant argues that he will be prejudiced by joinder of count 3 with counts 1 and 2 because he "may wish" to testify as to count 3 but wishes to remain silent as to counts 1 and 2. See Motion to Sever Counts at 4. The U.S. Court of Appeals for the Ninth Circuit has found that "[n]o need for severance on

self-incrimination grounds exists 'until the defendant makes a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other [counts].'" Armstrong, 621 F.2d at 954 (quoting Baker v. United States, 401 F.2d 958, 977 (D.C. Cir. 1968)). Defendant has made no such showing here - he has only indicated that he may wish to testify about count 3, but he has not shown that the testimony would be important, or that he has any need to refrain from testifying on the other counts.

Similarly, the Court is not persuaded by Defendant's argument that, if the counts are not separated, he will be prejudiced by the admission of prior convictions pursuant to Rule 404(b). The Court has determined, supra, that evidence of the prior convictions may be admitted to prove a material element of each count (counts 1, 2, and 3). Therefore, severance of the counts would not preclude admission of Rule 404(b) evidence in any separate trial. Moreover, the Court notes that it has ordered the use of a limiting instruction. See VonWillie, 59 F.3d at 930 (upholding denial of motion to sever counts where trial court admitted evidence of prior conviction but took precautions to guard against undue prejudice).

Overall, this Court concludes that joinder of the counts is proper under the Federal Rules of Criminal Procedure and justice will be served by denying Defendant's motion to sever

23

the counts.  The concern for judicial economy outweighs any risk
of prejudice to Defendant, which will be minimized with a
limiting instruction.  Accordingly, the Court denies Defendant's
motion to sever the counts.

   **E.   Defendant's Motion to Compel Discovery and Government's
          Counter-Request**

        On May 9, 2006, Defendant filed a Motion for Discovery.
On May 22, 2006, the Government filed a response.  In its
response, the Government indicated that it is well aware of its
discovery obligations and has produced discovery to Defendant.
See Response to Defendant's Motion to Compel Discovery at 2 (May
22, 2006).  The Government agreed to produce the additional
discovery requested in Defendant's motion.  See id. at 2-4.

        In light of the Government's agreement to produce the
requested discovery, the Court denies Defendant's motion in that
it declines to issue an order compelling specific discovery at
this time.  However, Defendant may renew his motion if the
Government fails to produce the requested discovery.

        The Government requests that Defendant provide all
reciprocal discovery to which the Government is entitled under
Federal Rule of Criminal Procedure 16(b) ("Rule 16(b)").  See
Response to Defendant's Motion to Compel Discovery at 4.  The
Court hereby directs Defendant to comply with Rule 16(b).

F.   **Defendant's Motion in Limine to Exclude Evidence of Uncharged Criminal Conduct or Other Crimes, Wrongs, or Acts**

On May 15, 2006, Defendant filed a Motion in Limine to Exclude Evidence of Uncharged Criminal Conduct or Other Crimes, Wrongs, or Acts.  The Court considered the arguments contained in Defendant's motion in finding, <u>supra</u>, that the Government's motion to admit Rule 404(b) evidence should be granted.  Thus, to the extent that Defendant's motion seeks to exclude evidence of his three prior convictions, that motion is denied for the reasons set forth, <u>supra</u>.  To the extent that the Government seeks to introduce evidence of additional bad acts at trial, Defendant may raise an objection at that time.

<u>**CONCLUSION**</u>

As described herein, the Court grants the following motions: the Government's motion in limine regarding Defendant's opening statement; the Government's motion in limine to preclude hearsay; the Government's motion in limine to preclude reference to sympathy or penalty; the Government's motion to admit Rule 404(b) evidence; and Defendant's motion in limine regarding witness vouching.

As described herein, the Court denies the following motions: the Government's motion to impeach Defendant; Defendant's motion in limine regarding hearsay; Defendant's motion to dismiss the indictment for vindictive prosecution;

25

Defendant's motion to sever counts; Defendant's motion for discovery; and Defendant's motion in limine to exclude evidence of other crimes.

As described herein, the Court defers ruling on the Government's motion to admit expert testimony.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 5, 2006.



_____
Alan C. Kay
Sr. United States District Judge

United States v. Low, Cr. No. 05-00260 ACK, ORDER REGARDING MOTIONS IN LIMINE AND OTHER PRE-TRIAL MOTIONS.