# Memorandum

| Subject | Date |
|---|---|
| United States v. Low, CR No. 05-0260 ACK<br>Title 18 U.S.C. Section 3161<br>Excludable Time Under Speedy Trial Act | June 5, 2006 |

| To: | From: |
|---|---|
| Hon. Alan C. Kay | AUSA Mark A. Inciong |

This memo is in response to an inquiry made by the court on Friday, June 2, 2006 at approximately 4:15 p.m. regarding Defendant's motion to dismiss for violation of the Speedy Trial Act. The motion was previously denied by the Court on Thursday, June 1, 2006. The Court has now, sua sponte, revisited the issue of whether the time period from October 25, 2005 to November 29, 2005 is excludable under the Speedy Trial Act and requested legal memorandum from the United States including its position on the applicability of U.S. v. Rojas-Contreras, 474 U.S. 231 (1985) for consideration at a hearing scheduled for June 5, 2006 at 1:00 p.m.

When arraigned on the 1st Superseding Indictment on September 26, 2005, co-Defendant Silva, through his attorney, requested additional time based on the new indictment. The magistrate judge granted that request. At the same hearing, Defendant Low's attorney had earlier advised the court that he would be withdrawing as counsel for the Defendant due to irreconcilable differences. Due to the fact that Defendant was a joined co-defendant of Silva, the magistrate judge also continued the trial date for the Defendant's benefit after entering a not guilty plea on his behalf. There was no objection by the Defendant or his attorney at that time or since. In his May 15, 2005 motion to dismiss, Defendant, for the first time, states that he objected to the continuance. A review of the transcript provided by the Court, however, clearly shows there was no objection.

Therefore, the time period from October 25, 1995 to November 29, 2005 is clearly excludable on a number of grounds. First, Defendant waived his right to object to the continuance. Defendant cannot first attempt to lodge an objection 8 months after the trial was continued. This is further magnified by the irony that without the September 26, 2005 continuance of the trial date, the trial in this matter would have commenced well before Defendant filed his May 15, 2005 motion to dismiss for a speedy trial violation. Obviously, the Defendant cannot be allowed to benefit from the continuance yet argue that the same continuance violated his speedy trial rights. As the record clearly shows, there would not have been a motion to dismiss but for the continuance. Additionally, it is important to note that when later faced with a similar situation, Defendant Low expressly made his position known. Specifically, on April 13, 2006 after being arraigned on the 2nd Superseding Indictment, the Defendant executed a written waiver with the district court waiving his right to extend the trial date an additional 30 days. There was no such action on September 26, 2005 or after regarding the 1st Superseding Indictment.



U.S. v. James Low
CR No. 05-00260 ACK
Prosecution's Memorandum
Page Two

Secondly, Defendant was a joined defendant at the time the trial was continued due to the new indictment. Title 18 U.S.C. Section 3161(h)(7) states that a reasonable period of delay when the co-defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted shall be excluded in computing the time within which trial must commence. The additional time granted was clearly reasonable based upon co-defendant Silva's request. The Ninth Circuit, and all other circuits who have considered the question, have concluded that an exclusion to one defendant applies to all defendants. United States v. Butz, 982 F.2d 1378, 1381 (9th Cir. 1993). The continuance was that much more appropriate based on the fact Defendant Low essentially had no effective representation as of September 26, 2005. Due to Low's counsel informing the court that he would be withdrawing, the magistrate judge took special precaution to allow the new incoming counsel sufficient time to prepare rather than face a trial date less than one month away for a defendant facing a mandatory life sentence. In fact, the magistrate judge was required to do so because no motion for severance has ever been filed much less granted.

U.S. v. Rojas-Contreras, 474 U.S. 231 (1985) is not applicable to this case for a number of reasons. First, the defendant in Rojas was not a joined co-defendant as was Low. Secondly, the defendant in Rojas requested an additional 30-days based on the return of a superseding indictment. That request was denied by the district court and later upheld by the Supreme Court which ruled that an additional 30-days is not required upon the filing of a superseding indictment. Here, the request for continuance was properly granted to allow Silva's counsel to adequately prepare for the new indictment. The United States does not dispute that the extension of time is not required, but it is certainly permissible based upon the request of a defendant such as Silva in the instant case.

If this Court's concern is a technical one, that is, that the magistrate judge did not recite enough specific language on the record at the September 26, 2005 hearing to satisfy Section 3161(h)(8), there is ample evidence in the record for this Court to do so. This is not an appellate review where the reviewing court is bound by the factual findings of the lower court. This Court is the trial judge and the present finder of fact for legal rulings. As such, the record is still a work in progress and will be so until the charges against the Defendant have been resolved. This court could, and should, find that the continuance granted on September 26, 2005 was not only in the interests of justice but in the best interest of both Defendant Low and co-defendant Silva.