RICHARD S. KAWANA #1608
4 South King Street, Suite 201
Honolulu, HI 96820
Tel. No.: (808) 536-6805
Fax No.: (808) 536-7195
Standby Counsel for James T. Low,
Defendant Pro Se

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00260 JMS |
| | ) | |
| Plaintiff, | ) | DEFENDANT'S SUPPLEMENTAL |
| | ) | MEMORANDUM IN SUPPORT OF |
| vs. | ) | MOTION TO DISMISS INDICTMENT |
| | ) | FOR VIOLATION OF RIGHT TO |
| JAMES T. LOW, | ) | SPEEDY TRIAL;  CERTIFICATE OF |
| | ) | SERVICE |
| | ) | |
| Defendant. | ) | DATE:  June 8, 2006 |
| | ) | TIME:  10:30 a.m. |
| | | JUDGE: ALAN C. KAY |
| | | |
| | | TW: 6/14/06 |

DEFENDANT'S SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS INDICTMENT
<u>FOR VIOLATION OF RIGHT TO SPEEDY TRIAL</u>

COMES NOW JAMES T. LOW, Defendant pro se, by his Standby Counsel, Richard S. Kawana, and submits his supplemental memorandum in support of his motion to dismiss indictment for violation of right to speedy trial.  At the hearing on June 5, 2006, the court indicated its inclination to grant defendant's motion to dismiss without prejudice for violation of the speedy trial act because the magistrate judge, inter alia, in

her ruling continuing trial for 30 days at codefendant Silva's request on September 26, 2005, failed to make the specific findings required by 18 U.S.C. 3161(h)(8)(A) justifying the grant of the continuance.  This court, by the Honorable Alan C. Kay, set the matter for further hearing on Thursday, June 8, 2006, at 10:30 a.m. and directed that further memoranda, if any, may be filed by Wednesday, June 7, 2006.

Defendant pro se objected to and reiterates his objection to the court's continuance of trial in this matter from June 6, 2006 to June 14, 2006, and reiterates his demand for speedy trial.

Defendant submits that the court must dismiss the indictment for violation of the speedy trial.  The court's rationale as expressed in the hearing on June 5, 2006, clearly justifies dismissal.  However, a consideration of 18 U.S.C. § 3162(a)(2) requires that such dismissal must be <u>with prejudice</u>.

Section 3162(a)(2) provides in pertinent part:

> . . . In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

Each of these factors justifies dismissal with prejudice.  The offense is a felony offense, but its seriousness does not rise to a level that forecloses a dismissal with prejudice.  Indeed, on its face, the indictment in this case alleges run-of-the-mill drug conspiracy and

weapons possession offenses.

When viewed and weighed against the oppressive, debilitating, and lengthy pretrial incarceration that the defendant has faced since the original charges were brought in June 2005, it is clear that the facts and circumstances of this case require dismissal with prejudice.  This is especially the case because defendant is representing himself at trial yet has been prevented by his oppressive pretrial incarceration from effectively investigating his case, interviewing witnesses, inspecting the locations of the alleged offenses, obtaining evidence, and otherwise conducting the type of pretrial preparation required to represent himself effectively at trial.  United States v. Davenport, 935 F.3d 1223, 1236 (11th Cir. 1991)("sheer length of the delay" so egregious as to call into question its reasonableness); United States v. Olivo, 69 F.3d 1057, 1062 (10th Cir. 1995)(defendant not free on bond during delay); United States v. Messer, 197 F.3d 330 (9th Cir. 1999).

Even the issue of the furtherance of judicial economy by a joint trial with the codefendant is unpersuasive as the government knew early on that the codefendant intended to enter a plea and cooperate with the government.  Indeed, codefendant Silva has long been understood as a witness for the government.

Alternatively, the defendant was and has been severely prejudiced because defendant was unreasonably carried along by the continuance granted to codefendant Silva even though defendant repeatedly asserted his right to a speedy trial.  See, United States v. Hall, 181 F.3d 1057 (9th Cir. 1999).

The effect of a dismissal with prejudice would also have minimal negative impact upon the administration of justice or upon the speedy trial act. To illustrate, when the court allowed defendant to represent himself, it was made fully aware that defendant sought to do so because of his deep distrust of the attorneys who represented him and of the judicial system.

Thus, a dismissal with prejudice, by vindicating defendant's speedy trial rights, would have a salutary and profound effect by serving notice that the requirements of the act must be carefully and fully observed to avoid simply becoming a mere formality without meaning. Cf. United States v. Caparella, 716 F.2d 976, 978-81 (2d Cir. 1983), where the court found that the legislative history of the Act shows that the aim of 18 U.S.C. § 3161 is to make speedy trial a reality, and that dismissal under § 3162(a)(1) for a failure to bring charges within the 30-day time limit is integral in doing so. The court stated: "[w]e view a violation of any of the act's time limitations as negatively impacting on the administration of the act." [emphasis added] Id. at 981. See also, United States v. Tertrou, 742 F.2d 538, 539-40 (9th Cir. 1984); United States v. Antonio, 705 F.2d 1483, 1487 (9th Cir. 1983). The policy of strict observance of the requirements of the Act that underly the enforcement of § 3161(b) must apply with equal force to the enforcement of § 3161(c).

In summary, a dismissal with prejudice is mandated because the defendant has

asserted his demand for speedy trial at every opportunity available to him, because the delay has been unreasonable, oppressive, and unfair in the facts and circumstances of this case, because such a dismissal will have minimal negative impact and indeed will have a salutary effect upon the administration of justice and the speedy trial act, and because defendant has suffered clear prejudice to his substantial rights.  Accordingly, it is respectfully submitted that the court grant a dismissal of the indictment with prejudice.

Dated:  Honolulu, Hawaii, June 7, 2006.

/s/ Richard S. Kawana
RICHARD S. KAWANA
Standby Counsel for JAMES T. LOW,
Defendant Pro Se

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00260 JMS |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| JAMES T. LOW, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on June 7, 2006 and by the method of service noted below, a true and correct copy of the foregoing was duly served on the following:

Served Electronically through CM/ECF:

MARK A. INCIONG                                    Mark.Inciong@usdoj.gov
Assistant U.S. Attorney
   Attorney for Plaintiff
   UNITED STATES OF AMERICA


DATED: Honolulu, Hawaii, June 7, 2006.


/s/ Richard S. Kawana
RICHARD S. KAWANA
Standby Counsel for Defendant Pro Se