IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES, | ) | Cr. No. 05-00260 ACK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES LOW, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER DISMISSING INDICTMENT WITHOUT PREJUDICE FOR VIOLATION OF SPEEDY TRIAL ACT

### BACKGROUND

Defendant is charged in the Second Superseding Indictment with one count of conspiracy to distribute methamphetamine, one count of possession with intent to distribute methamphetamine, and one count of possessing firearms and ammunition in violation of 18 U.S.C. § 922(g)(1).[1/]

On May 15, 2006, Defendant James Low filed a Motion to Dismiss Indictment for Violation of Right to Speedy Trial, alleging that his statutory and constitutional rights to a speedy trial have been violated by the delay in his trial date. See Motion to Dismiss Indictment for Violation of Right to Speedy Trial at 1-2 (May 15, 2006) ("Speedy Trial Motion"). On May 22,

---

[1/] Additional background is contained in the Court's Order Regarding Motions in Limine and Other Pre-Trial Motions (June 5, 2006).

2006, the Government filed an opposition arguing that Defendant's right to a speedy trial has not been violated because all delays that have occurred in this case have been at the behest and benefit of Defendant.  See Response to Defendant Low's Motion to Dismiss Indictment for Violation of a Right to a Speedy Trial at 2 (May 22, 2006).

On June 1, 2006, at a final pretrial conference, the Court initially denied Defendant's Speedy Trial Motion and indicated that it would be filing a written order.  The next day, on its own initiative, the Court scheduled a follow up hearing on the Speedy Trial Motion for June 5, 2006 and invited the parties to file supplemental memoranda.  On June 5, 2006, the Government filed a supplemental memorandum.  At the hearing on June 5, 2006, the Court indicated that it had decided to reconsider its ruling on the Speedy Trial Motion because it was concerned about the thirty-six day continuance granted by the magistrate judge on September 26, 2005.

At the June 5, 2006 hearing, the Court indicated to the parties that, although it was keeping an open mind, it was inclined to dismiss the indictment without prejudice for violation of the Speedy Trial Act.  In light of case law indicating that a defendant should be given notice and an opportunity to be heard before a court makes such a determination, the Court set a further hearing for June 8, 2006

2

and invited the parties to conduct additional research and submit memoranda to the Court by June 7, 2006.  See United States v. Delgado-Miranda, 951 F.2d 1063, 1064 (9th Cir. 1991) (per curiam) (before a court can enter a dismissal without prejudice on remand for a violation of the Speedy Trial Act, it must give defendant adequate notice of a hearing and afford defendant an opportunity to be heard).  Specifically, the Court requested briefing on (1) whether the Speedy Trial Act was violated and (2) if so, whether the Court should dismiss the indictment with or without prejudice.  On June 7, 2006, Defendant filed a supplemental memorandum (through his standby counsel).  At a hearing on June 8, 2006, after arguments by Defendant, his standby counsel, and the Government, the Court ruled that Defendant's rights under the Speedy Trial Act had been violated and the Court dismissed the indictment without prejudice.  This order memorializes that ruling.

## DISCUSSION

The Speedy Trial Act of 1974 ("Speedy Trial Act" or the "Act"), 18 U.S.C. §§ 3161-3174, generally requires a defendant's criminal trial to be commenced within seventy days of the filing of an indictment or information or of the defendant's initial appearance before the court.  See 18 U.S.C. § 3161(c)(1).[2]  In

_____

[2] 18 U.S.C. § 3161(c)(1) states, in pertinent part:
    In any case in which a plea of not guilty is entered,
    the trial of a defendant charged in an information or

this case, the Act's seventy day period began to run on June 22, 2005, when an indictment was filed against Defendant and a co-defendant.  See 18 U.S.C. § 3161(c)(1); United States v. Perez-Reveles, 715 F.2d 1348, 1350 (9th Cir. 1983) ("When the defendant is arrested prior to indictment, and makes an initial appearance before a magistrate who orders him held to answer the charges in the district court, the 70-day pretrial period runs from the date of his indictment.").[3/]

        To provide flexibility in individual criminal cases, the Act includes a detailed scheme under which certain specified periods of delay are excluded in computing the time within which a trial must start.  See 18 U.S.C. § 3161(h); see also Zedner v. United States, 547 U.S. --, slip op. at 6 (June 5, 2006).  At issue in this case is whether various delays in Defendant's trial date were properly excluded under the Act.

**A.    Stipulations and Orders**

        The Speedy Trial Act permits a judge to grant a continuance of the trial date and exclude the resulting delay from the speedy trial period in certain circumstances where the

---

        indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

    [3/] Defendant has been in custody since his arrest on June 8, 2005.

judge finds that the "ends of justice" are served by the continuance.  That provision of the Act, 18 U.S.C. § 3161(h)(8)(A), provides:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.  No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(8)(A).

The Act sets forth four factors, "among others, which a judge shall consider" in determining whether to grant a continuance and exclude that time under the Act:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury

must base its determination are unusual or complex. (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(8)(B).

The U.S. Court of Appeals for the Ninth Circuit ("Ninth Circuit") has interpreted Section 3161(h)(8) to impose two explicit limitations on a district court's discretion to order continuances to the trial date. See United States v. Perez-Reveles, 715 F.2d at 1350. First, to ensure that the continuance provision only be invoked for reasons that would meet the ends of justice, the district court must consider the four factors enumerated in Section 3161(h)(8)(B) before a continuance can be granted. See Perez-Reveles, 715 F.2d at 1351. Second, the court's discretion to grant a continuance pursuant to Section 3161(h)(8) is qualified by the limitation that the court set forth its reasons for finding that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial. See Perez-Reveles, 715 F.2d at 1351. Those reasons must be set forth with particularity. See id. at 1352.

In this case, the seventy day speedy trial period was tolled on four separate occasions by ends of justice continuances

ordered by the court pursuant to stipulations by the parties.[4/]

_____

[4/] The clock was tolled beginning August 23, 2005 through and including October 25, 2005 pursuant to a stipulation agreed to by the Government and Defendant's counsel at the time (and co-defendant's counsel), and ordered by this Court in response to defense counsel's request for a continuance to review recently-produced discovery. See Stipulation and Order Continuing Trial and To Exclude Time at 2 (Aug. 11, 2005). The Court found that "the ends of justice outweigh the best interest of the public and the Defendants in a speedy trial because the continuance allows counsel for Defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence in accordance with 18 U.S.C. § 3161(h)(8)(B)(iv)." Id.
          The clock was again tolled beginning November 29, 2005 through and including February 22, 2006 pursuant to a stipulation agreed to by the Government and Defendant's counsel at the time, and ordered by this Court in response to Defendant's counsel's request for a continuance because he had recently been retained and needed additional time to review discovery, confer with Defendant, and exercise due diligence so that he may effectively represent Defendant. See Stipulation and Order Continuing Trial and To Exclude Time at 2 (Nov. 10, 2005). The Court found that "the ends of justice outweigh the best interest of the public and the Defendant in a speedy trial because the continuance allows counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence in accordance with 18 U.S.C. § 3161(h)(8)(B)(iv)." Id.
          The clock was again tolled beginning February 22, 2006 through and including May 2, 2006 pursuant to a stipulation agreed to by the Government and Defendant's counsel at the time, and ordered by this Court in response to Defendant's counsel's request for a continuance because they had been newly retained and needed additional time to review discovery, confer with their client, and exercise due diligence so that they may effectively represent Defendant. See Stipulation and Order Continuing Trial and To Exclude Time at 2 (February 7, 2006). The Court found that "the ends of justice outweigh the best interest of the public and the Defendant in a speedy trial because the continuance allows counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence in accordance with 18 U.S.C. § 3161(h)(8)(B)(iv)." Id.
          The clock was again tolled beginning May 9, 2006 through and including June 6, 2006 pursuant to a stipulation agreed to by the Government, Defendant, and Defendant's standby
                                        (continued...)

In granting each of these continuances, the parties stipulated to the factual situation necessitating the continuance and the Court issued a written order continuing the trial and excluding time from the speedy trial period.  In each order, the Court considered the statutory factors and set forth its reasons for finding that the ends of justice outweighed the best interest of the public and Defendant in a speedy trial pursuant to Section 3161(h)(8).  The Court finds the delay attributable to these four continuances was properly excluded under the Speedy Trial Act.

**B.    September 26, 2005 Hearing**

The Court finds problematic a thirty-six day continuance of the trial ordered by the magistrate judge on September 26, 2005.[5]  At that arraignment and plea hearing on the First Superseding Indictment, the magistrate judge granted

---

[4] (...continued) counsel, and ordered by this Court in response to Defendant's request for a continuance so that he may properly prepare for trial and have the assistance of his standby counsel.  See Stipulation and Order Continuing Trial and To Exclude Time at 3 (May 12, 2005).  Once again, the Court found that "the ends of justice outweigh the best interest of the public and the Defendant in a speedy trial because the continuance allows counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence in accordance with 18 U.S.C. § 3161(h)(8)(B)(iv)."  Id.

[5] The magistrate judge continued the trial date by thirty-five days but excluded a thirty-six day period (beginning with the former trial date and continuing through and including the new trial date) from the Speedy Trial Act.  To avoid confusion, this Court will refer to the continuance and exclusion collectively as a thirty six day continuance.

the continuance in response to a request by co-defendant's

counsel and, although it is not entirely clear from the

transcript, perhaps also in response to a request by Defendant's

then-counsel.  The magistrate judge did not make any reference in

the hearing to the Speedy Trial Act; the Minutes of the hearing

reference the Speedy Trial Act to simply state that "Time

excluded from 10/25/05 thru 11/29/05 from the requirements of the

Speedy Trial Act."  See Minutes at 1-2 (Sept. 26, 2005).  The

Court will examine separately the potential bases for excluding

the delay from the seventy day speedy trial period.

       **1.**    **Superseding Indictment**

       At the hearing, co-defendant Michael Silva's counsel

(Michael A. Weight) requested a thirty day continuance to prepare

for trial under the First Superseding Indictment.[6]

---

       [6] The First Superseding Indictment was filed against
Defendant and a co-defendant on September 21, 2005.  It modified
the original Indictment by: increasing the amount charged in
count one from "500 grams or more" to "50 grams or more, to wit:
approximately 2,935 grams"; adding a section describing overt
acts committed in furtherance of the conspiracy; decreasing the
amount charged against co-defendant in count 2, from "50 grams or
more, to wit: approximately 187 grams" to "50 grams or more, to
wit: approximately 104 grams"; decreasing the amount charged
against Defendant in count 3, from "500 grams or more, to wit:
approximately 3,695 grams" to "50 grams or more, to wit:
approximately 2,831 grams."  A Second Superseding Indictment was
filed against Defendant on April 12, 2006.  The Second
Superseding Indictment did not include any charges against the
co-defendant and further modified the First Superseding
Indictment by adding a firearms charge against Defendant.  The
September 26, 2005 hearing was held to arraign Defendant and his
co-defendant on the First Superseding Indictment and to enter
(continued...)

Specifically, counsel stated that "we would invoke our right to a
30-day extension of time before trial and all the appropriate
deadlines in between." See Transcript of Arraignment and Plea as
to the First Superseding Indictment at 4 (Sept. 26, 2005)
("Transcript").  The Court interprets Mr. Weight's invocation of
co-defendant's "right" as a reference to 18 U.S.C. § 3161(c)(2),
which gives a defendant the right to at least thirty days between
the date he first appears through counsel and the start of his
trial.[7]

        Section 3161(c)(2), however, does not explicitly
mention superseding indictments.  The U.S. Supreme Court has held
that "Congress did not intend that the 30-day trial preparation
period begin to run from the date of filing of a superseding
indictment."  See United States v. Rojas-Contreras, 474 U.S. 231,
234 (1985) (overturning Ninth Circuit precedent that had held a
defendant was entitled to a new thirty day trial preparation
period following an arraignment on the superseding indictment);
see also United States v. Karsseboom, 881 F.2d 604, 607 (9th Cir.
1989) ("The Act does not require that the 30-day trial

_____

    [6] (...continued)
their pleas on the charges contained in that indictment.

    [7] 18 U.S.C. § 3161(c)(2) provides:
        Unless the defendant consents in writing to the
        contrary, the trial shall not commence less than thirty
        days from the date on which the defendant first appears
        through counsel or expressly waives counsel and elects
        to proceed pro se.

preparation period of § 3161(c)(2) be restarted upon the filing
of a superseding indictment."). The Supreme Court held that
although Section 3161(c)(2) does not automatically require a new
thirty day trial preparation period upon the arraignment on a
superseding indictment, the district court has "broad discretion"
to grant a continuance "when necessary to allow further
preparation" pursuant to 18 U.S.C. § 3161(h)(8). Rojas-
Contreras, 474 U.S. at 236. The Court reasoned that "the
authority of the District Court to grant an 'ends of justice'
continuance [pursuant to Section 3161(h)(8)] should take care of
any case in which the Government seeks a superseding indictment
which operates to prejudice a defendant." Rojas-Contreras, 474
U.S. at 236 (finding that the superseding indictment at issue did
not prejudice defendant because it only changed an incorrect
date, but implicitly indicating that an ends of justice
continuance would alleviate any prejudice to defendant caused by
a superseding indictment that contained significant changes to
the original indictment); see also United States v. Punelli, 892
F.2d 1364, 1369 (8th Cir. 1990) (filing of superseding indictment
containing charges substantially different than charges in
original indictment did not create automatic right to a thirty
day continuance under Section 3161(c)(2), however, district court
had broad discretion to grant a continuance under Section
3161(h)(8)).

The Court finds that pursuant to <u>Rojas-Contreras</u>, a court may not rely on Section 3161(c)(2) as the basis for excluding time from the speedy trial period when a superseding indictment is filed. <u>Cf.</u> <u>Zedner</u>, 547 U.S. --, slip op. 9 ("the Act demands that defense continuance requests fit within one of the specific exclusions set out in subsection (h)"). Rather, where a defendant requests a thirty day continuance to prepare for trial because a superseding indictment has been filed, the court should evaluate the request pursuant to Section 3161(h)(8) and grant the continuance if (after weighing the statutory factors) the court finds that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial. <u>See</u> 18 U.S.C. § 3161(h)(8); <u>United States v. Eakes</u>, 783 F.2d 499, 502-504 (5th Cir. 1986) (finding that the district court misinterpreted the Act by ruling that defendants were entitled to a thirty day waiting period between the time of their first appearance on the superseding indictment and the commencement of trial, but upholding exclusion of delay caused by the continuance because district court made an "ends of justice" finding pursuant to Section 3161(h)(8)). The delay caused by such a continuance would then be excluded from the seventy day speedy trial period as described in the Act. <u>See</u> 18 U.S.C. § 3161(h).

In this case, the magistrate judge granted the continuance to the co-defendant in response to his request under Section 3161(c)(2).[8/]  Although not entirely clear from the record, the magistrate judge may have granted the continuance to Defendant on her own motion under this section as well.  <u>See</u> Transcript at 4 ("And given the fact that you're going to change attorneys, Mr. Low, or may change attorneys, I'm also going to, on your behalf, ask for the additional 30 days.  And so, we'll give the new dates and deadlines as well as the status conference.").  Having found that a court may not rely on Section 3161(c)(2) as the basis for excluding time from the speedy trial period when a superseding indictment is filed, the Court finds that the thirty-six day delay is not excludable from the speedy trial period pursuant to Section 3161(c)(2); however, the Court will examine alternative theories under which the delay may be excluded.

**2.    Ends of Justice**

As discussed above, a court has discretion to grant an ends of justice continuance pursuant to Section 3161(h)(8) to allow a defendant additional time to prepare for trial after a superseding indictment has been filed.  <u>See Rojas-Contreras</u>, 474

---

[8/] The magistrate judge responded "All right" to Mr. Weight's statement that "we would invoke our right to a 30-day extension of time before trial and all the appropriate deadlines in between."  <u>See</u> Transcript at 4.

U.S. at 236.  The statutory factors contained in Section 3161(h)(8)(B) that the court must consider in granting such a continuance are enumerated, <u>supra</u>, in section A.

An ends of justice exclusion under Section 3161(h)(8) must be "justified <u>on the record</u> with reference to the factors enumerated in section 3161(h)(8)(B)." <u>United States v. Jordan</u>, 915 F.2d 563, 565 (9th Cir. 1990) (quoting <u>United States v. Pollock</u>, 726 F.2d 1456, 1461 (9th Cir. 1984)) (emphasis added); <u>see also</u> <u>United States v. Frey</u>, 735 F.2d 350, 352 (9th Cir. 1984) (noting that to avoid abuses of Section 3161(h)(8)(A), Congress required district courts to set forth, either orally or in writing, the reasons for finding that the ends of justice would be served by granting excludable delay).  A "court may not, 'subsequent to the grant of a continuance, undertake for the first time to consider the factors and provide the findings required by section 3161(h)(8)(A).'" <u>Jordan</u>, 915 F.2d at 566 (quoting <u>Frey</u>, 735 F.2d at 352); <u>see also</u> <u>Frey</u>, 735 F.2d at 352 ("The issue before us is whether the district court may, subsequent to its grant of a continuance, undertake for the first time to consider the factors and provide the findings required by section 3161(h)(8) to exclude time under the Act.  We view such a practice as inconsistent with the language and policy of the Act.").

14

Although the court must <u>consider</u> the factors required by Section 3161(h)(8) at the time it grants the continuance, the Speedy Trial Act is not violated if the court fails to make a contemporaneous <u>record</u> of the support justifying an ends of justice exclusion, so long as the court sets forth the reasons for the finding "at some point." <u>Jordan</u>, 915 F.2d at 565 (violation of Speedy Trial Act where trial court relied on earlier open-ended ruling that the case was complex when it ordered continuance of trial date, since trial court did not recite the basis for excluding the time that would be consumed by the continuance). The U.S. Supreme Court has recently expounded that while "the Act is clear that the findings must be made, if only in the judge's mind, before granting the continuance . . . the Act is ambiguous on precisely when those findings must be set forth in the record of the case." <u>Zedner</u>, 547 U.S. --, slip op. at 16. The "best practice," the Supreme Court said, "is for a district court to put its findings on the record at or near the time when it grants the continuance." <u>Id.</u> at 16 n.7. However, "at the very least the Act implies that those findings must be put on the record by the time a district court rules on a defendant's motion to dismiss under § 3162(a)(2)." <u>Id.</u> at 16.

In this case, the magistrate judge has not memorialized, orally or in writing, any findings that the ends of justice outweigh the best interests of the public and Defendant

15

or co-defendant in a speedy trial.  At the hearing, in response
to Defendant's then-counsel's (Michael J. Green's) request for a
continuance because Mr. Green planned to file a motion to
withdraw as counsel, the magistrate judge indicated that she
would "permit a brief period" for Defendant to consult a new
attorney.  <u>See</u> Transcript at 3 ("THE COURT: All right.  Mr. Low,
what -- Mr. Green has explained to me that you folks have had an
opportunity to speak; and he thinks it's in your best interests
to consult another attorney at this time before you enter a plea.
And I'll permit a brief period of doing that and then -- so, you
won't be prejudiced by having a not guilty plea entered on his --
in his behalf."); <u>see also</u> Transcript at 4 (THE COURT: "And given
the fact that you're going to change attorneys, Mr. Low, or may
change attorneys, I'm also going to, on your behalf, ask for the
additional 30 days.  And so, we'll give the new dates and
deadlines as well as the status conference.").  However, the
magistrate judge did not clearly indicate that she would grant a
continuance of the trial date on the basis of allowing Defendant
additional time to consult a new attorney.  Similarly, in
granting co-defendant's request for a continuance, the magistrate
judge did not mention the Speedy Trial Act itself, the ends of
justice, or any of the factors contained in Section 3161(h)(8).
Nor do the Minutes make the required findings; the Minutes state
simply: "Defendant (02)'s [o]ral request for 30 [day] continuance

16

of current trial date Granted . . . . Time excluded from 10/25/05 thru 11/29/05 from the requirements of the Speedy Trial Act." See Minutes at 1-2. No subsequent order was issued by the magistrate judge regarding the continuance and exclusion of time.

It would be disingenuous for the Court to suggest now that the magistrate judge did in fact make the requisite findings "in her mind" at the time she granted the continuance because it has been the apparent practice of at least some of the magistrate judges in this district to routinely grant thirty day continuances when requested by a defendant after issuance of a superseding indictment, without considering the factors set forth in Section 3161(h)(8). Cf. United States v. Ramirez-Cortez, 213 F.3d 1149, 1154-1155 (9th Cir. 2000) (where magistrate judge did not make any ends of justice findings pursuant to the statutory factors contained in Section 3161(h)(8), district court judge could not subsequently infer that the magistrate judge intended to make an ends of justice finding). For these reasons, the Court finds that the thirty-six day continuance granted by the magistrate judge on September 26, 2005 is not excludable from the speedy trial period pursuant to the ends of justice provision contained in Section 3161(h)(8).

### 3.    Co-defendant Delay

The Speedy Trial Act excludes from the seventy day speedy trial period a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." See 18 U.S.C. § 3161(h)(7); see also United States v. Daychild, 357 F.3d 1082, 1091 (9th Cir. 2004) ("In assessing exclusions, it is important to recognize that any calculation affecting one defendant applies to the other because neither defendant filed a motion for severance."). At the time of the hearing before the magistrate judge, Defendant was joined for trial with a co-defendant.[9] Having found that the continuance granted to the co-defendant on September 26, 2005 is not excludable from the speedy trial period, the Court finds that the continuance cannot be excluded from Defendant's speedy trial period pursuant to Section 3161(h)(7).

### 4.    Conclusion as to September 26, 2005 Hearing

In conclusion, the Court finds that the thirty-six day continuance granted by the magistrate judge on September 26, 2005 is not excludable from the speedy trial period pursuant to Sections 3161(c)(2), (h)(8), or (h)(7). The Court can identify no other basis for excluding the time under the Speedy Trial

---

[9] The co-defendant changed his plea to guilty on October 21, 2005, subsequent to the September 26, 2005 hearing at issue.

Act.[10/]  Therefore, the Court finds that the delay caused by the
continuance counts towards the seventy day speedy trial period.

## C.    Summary of Speedy Trial Calculations

Considering the stipulations, orders and continuances
discussed herein, the seventy day speedy trial period ran from
June 23, 2005 through August 22, 2005 (a period of 61 days),[11/]

_____

[10/] Defendant's failure to object contemporaneously to the
continuance granted by the magistrate judge does not preclude him
from raising a Speedy Trial Act violation now.  First, Defendant
cannot waive the requirements of the Speedy Trial Act because the
Act was designed to protect the public interest as well as
defendants' interests.  See Zedner, 547 U.S. --, slip op. 10
("Act was designed not just to benefit defendants but also to
serve the public interest"); Ramirez-Cortez, 213 F.3d at 1156
("defendant cannot 'waive' time under the Speedy Trial Act"
because "'the right to a speedy trial belongs . . . to society as
well'") (quoting Lloyd v. Colquitt, 125 F.3d 1263, 1268 (9th Cir.
1997)).  Second, the Government does not argue that judicial
estoppel should apply in this case and the Court finds that
Defendant should not be equitably estopped from challenging the
continuance granted by the magistrate judge because the equitable
factors do not support the application of the doctrine against
Defendant.  See Zedner, 547 U.S. --, slip op. at 13 (reciting
several factors that typically inform the court's decision
whether to apply the doctrine of judicial estoppel in a
particular case).  For example, Defendant's failure to object to
the continuance granted by the magistrate judge is not "clearly
inconsistent" with Defendant's current assertion of his speedy
trial rights and Defendant would not derive an unfair advantage
by arguing that his speedy trial rights were violated.  See id,
slip op. at 14-15 (finding defendant is not equitably estopped
from challenging the excludability of a continuance where, among
other factors, defendant's earlier position that granting a
continuance "would represent a sound exercise of the trial
judge's discretion in managing its calendar" is not "clearly
inconsistent" with defendant's later position that the
continuance was not permissible under the terms of the Act).

[11/] In calculating the number of days that count toward the
seventy day period, the Court does not count the day the
(continued...)

19

from October 26, 2005 through November 28, 2005 (a period of 34

days),[12/] and from May 3, 2006 through May 8, 2006 (a period of 6

days) for a total of 101 days.[13/]  Based on this figure of 101

days of non-excludable delay, the seventy day speedy trial period

was exceeded by 31 non-excludable days.  In conclusion, the Court

finds that the Speedy Trial Act has been violated by the delay in

Defendant's trial.

### D.    Dismissal Without Prejudice

The Speedy Trial Act requires this Court to dismiss the

indictment because Defendant has not been brought to trial within

the seventy day speedy trial period.  See 18 U.S.C. § 3161(a)(2);

Jordan, 915 F.2d at 566.  The Court, however, has broad

discretion to determine whether to dismiss the indictment with or

---

[11/] (...continued)
indictment was filed (June 22, 2005).  See United States v.
Pollock, 726 F.2d 1456, 1460 n.6 (9th Cir. 1984) (calculating
speedy trial time by counting weekends and holidays, but not the
triggering date itself).

[12/] The Court has found that the delay from the thirty-six
day continuance granted on September 26, 2005 is not excludable.
However, other stipulations and orders referenced in section A of
this order properly excluded the first and last day of that
thirty-six day period.  As a result, only thirty-four days of
non-excludable delay resulted from the thirty-six day continuance
granted on September 26, 2005.

[13/] The Court need not consider whether some portion(s) of
this 101 day period may be excluded under some other provision of
Section 3161(h) that the Court has not considered herein, because
even considering all of the occurrences in this case that could
possibly trigger additional excludable periods, and assuming
those periods of delay are excludable, the seventy day speedy
trial period was exceeded.

without prejudice.  See Jordan, 915 F.2d at 566.

The Act requires the court to consider three factors, "among others," in deciding whether dismissal should be with or without prejudice: "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice."  18 U.S.C. § 3162(a)(2); see also United States v. Clymer, 25 F.3d 824, 831 (9th Cir. 1994).  "The choice of whether to dismiss with or without prejudice depends on a careful application of the statutorily enumerated factors to the particular case; there is no presumption in favor of either sanction."  Clymer, 25 F.3d at 831.

Considering the statutory factors that apply to this case, the Court concludes that the indictment should be dismissed without prejudice.  The first factor, the seriousness of the offense, weighs in favor of dismissal without prejudice. Defendant is charged with conspiracy to distribute approximately 2,935 grams of methamphetamine, possession with intent to distribute approximately 2,831 grams of methamphetamine, and illegal possession of four firearms and hundreds of rounds of ammunition.  The Court finds these crimes to be very serious, especially considering the large quantities of drugs involved and the statutory mandatory life sentence the Defendant faces on each

drug count if convicted.  See Clymer, 25 F.3d at 831 (conspiracy to distribute and aiding and abetting the manufacture of methamphetamine are "undoubtedly serious" crimes); United States v. Mancia-Perez, 331 F.3d 464, 468 (5th Cir. 2003) (offense was serious within the meaning of Section 3162(a)(2) where defendant faced a possible twenty year sentence).  See also 21 U.S.C. § 841(b)(1)(A) (violation of Section 841(a) involving 50 grams or more of methamphetamine by defendant who has two or more prior felony drug convictions results in sentence of mandatory term of life imprisonment without release).

The second statutory factor, the facts and circumstances of the case which led to the dismissal, also weighs in favor of dismissal without prejudice.  The delays in the trial date were either at the request of the Defendant or his attorney, and always made for the benefit of Defendant.  See, supra, pages 6-16.  Indeed, the thirty six day continuance that this Court has found was not excludable under the Act was made, in part, to benefit Defendant by giving him time to consult with a new attorney.

The Court considers actual prejudice to Defendant in weighing the second statutory factor.  See Clymer, 25 F.3d at 832 (weighing actual prejudice to Defendant in analysis of second statutory factor).  The longer the delay, the greater the presumptive or actual prejudice to Defendant, in terms of his

22

ability to prepare for trial or the restriction on his liberty.
See United States v. Taylor, 487 U.S. 326, 340 (1988).  The non-
excludable delay here (whether viewed as thirty-one days or
thirty-six days[14/]) was not so long as to damage Defendant's
ability to prepare for trial, however, the delay resulted in
prejudice to Defendant's liberty interest because he was
incarcerated during that delay.  Cf. Clymer, 25 F.3d at 832
(where defendant suffered actual prejudice to his ability to
prepare for trial because the delay resulted in an inability to
locate a key defense witness for trial, and defendant suffered
actual prejudice to his liberty interest because he was
incarcerated during the entire 522 day pretrial period, the
actual prejudice suffered by defendant was one factor weighing in
favor of dismissal with prejudice).

Finally, in analyzing the second statutory factor, the
Court finds that in this case overall, the Government made
efforts to ensure that the Speedy Trial Act was not violated (for
example, by submitting stipulations of findings to exclude delays
from the speedy trial period where Defendant or his counsel

---

[14/] As discussed, supra sections B and C, the Court has found
that the thirty-six day continuance granted by the magistrate
judge is not excludable from the speedy trial period.  When added
to the other time since Defendant's indictment which has not been
excluded from the speedy trial period, the seventy day speedy
trial period has been exceeded by a total of thirty-one days.
See, supra, section C.  Thus, the period of non-excludable delay
involved here could be referred to as thirty-one days or thirty-
six days.

23

sought a continuance) and the Court finds no indication that the Government had some improper ulterior motive in this case.  See Mancia-Perez, 331 F.3d at 469 (affirming district court's finding that second factor weighed in favor of dismissal without prejudice because the Government's delay was not for an ulterior purpose and because Government's failure to meet the deadline was not repetitive, regular, or frequent).  The error was due to a standard practice in this community (among at least some of the magistrate judges, some members of the defense bar, and some federal prosecutors) to interpret Section 3161(c)(2) as giving a defendant an automatic right to a thirty day continuance upon issuance of a superseding indictment.  Overall, the Court finds that the second statutory factor weighs in favor of dismissing the indictment without prejudice, despite the fact that Defendant suffered some prejudice to his liberty interest as a result of the delay.

The third statutory factor, the impact of a reprosecution on the administration of the Speedy Trial Act and on the administration of justice, weighs in favor of dismissal without prejudice.  The U.S. Court of Appeals for the Fifth Circuit ("Fifth Circuit") has indicated that this factor encompasses three concerns: the defendant's right to a timely trial; the deterrent effect of a prejudicial dismissal on the Government's repeated violations of the speedy trial

requirements; and the public's interest in bringing the accused to trial. See Mancia-Perez, 331 F.3d at 469.[15/]

When the charge is serious, as it is here, the third statutory factor weighs in favor of dismissal with prejudice when there has been a correspondingly serious delay. See Mancia-Perez, 331 F.3d at 470 ("When the charge is 'serious' as it is here, 'courts should impose the sanction of dismissal with prejudice only for a correspondingly serious delay, especially in the absence of prejudice.'") (quoting United States v. May, 819 F.2d 531, 534 (5th Cir. 1987)). The delay in this case is not serious or severe and the Government did not engage in a pattern of delay against Defendant.[16/]  Accordingly, a dismissal without

---

[15/] Also implicated by this factor, according to the Fifth Circuit's analysis, is the presence or absence of prejudice to the defendant, which this Court considered in analyzing the second statutory factor. See Mancia-Perez, 331 F.3d at 469.

[16/] The Government did not engage in a pattern of delay with respect to Defendant, however, the Court recognizes that the magistrate judge's error in this case was due to an erroneous standard practice by at least some of the magistrate judges in this district. That standard practice worked to Defendant's benefit overall by permitting defendants to request - and receive as a matter of right if requested - a thirty day continuance of the trial date upon issuance of a superseding indictment. This Court finds the practice here to be a far less egregious violation of the Speedy Trial Act than was at issue in Clymer, where the district court failed to implement longstanding precedent by repeatedly and retroactively seeking to invoke the ends of justice provision by making inadequate, open-ended complexity findings to benefit the government. See Clymer, 25 F.3d at 832 (dismissal with prejudice required where, among other factors such as actual prejudice to defendant's ability to prepare for trial, the district court and United States

(continued...)

prejudice would impose appropriate costs on the Government.  Id. Dismissal without prejudice forces the Government to obtain a new indictment if the Government decides to reprosecute and it exposes the Government to constraints under the statute of limitations.  See Taylor, 487 U.S. at 342; see also Zedner, 547 U.S. --, slip op. 12, n.5 (defendant may derive some benefit where an indictment is dismissed without prejudice for a Speedy Trial Act violation because, "[f]or example, the time and energy that the prosecution must expend in connection with obtaining a new indictment may be time and energy that the prosecution cannot devote to the preparation of its case"); United States v. Blevins, 142 F.3d 223, 226 (5th Cir. 1998) (where government did not intentionally delay the proceedings, dismissal with prejudice for deterrent value would be inappropriate).

Finally, in considering the third statutory factor, this Court considers the public's strong interest in bringing the accused to trial, especially given the seriousness of the charge and Defendant's recidivism.  See Blevins, 142 F.3d at 225-226 (public has great interest in bringing defendant to trial on drug charges where he has previous convictions for drug crimes; serious nature of the offense coupled with defendant's recidivism

---

16/ (...continued)
Attorney's office failed to recognize or implement long standing speedy trial precedents that prohibited retroactive invocation of the ends of justice provision and open-ended determinations that the complexity of the case justified ongoing continuances).

weighs in favor of dismissal without prejudice).  The U.S. Supreme Court has recently reiterated that the Act "was designed with the public interest firmly in mind."  See Zedner, 547 U.S. - -, slip op. at 10.[17/]  In summary, the Court finds that the third statutory factor weighs in favor of dismissal without prejudice.

In weighing the three statutory factors and treating no one factor as dispositive, the Court finds that the indictment should be dismissed without prejudice pursuant to the Speedy Trial Act.[18/]

─────────────────

[17/] At the hearing on June 8, 2006, the Government attorney represented that, if dismissal was granted without prejudice, he was prepared to file a new complaint against Defendant immediately and he would bring a petition for indictment before the grand jury on or about June 14, 2006.

[18/] In addition to arguing that his rights under the Speedy Trial Act were violated, Defendant argues that his rights under the Sixth Amendment were violated.  Weighing the applicable Barker v. Wingo factors, the Court finds no Sixth Amendment violation because the length of the delay did not greatly exceed the threshold needed to trigger judicial examination, almost all of the delay was at Defendant's request or the request of Defendant's counsel and for Defendant's benefit, and the defense was not impaired by the delay.  See Barker v. Wingo, 407 U.S. 514, 530 (1972); Doggett v. United States, 505 U.S. 647, 651-656 (1992); United States v. Lam, 251 F.3d 852, 855-860 (9th Cir. 2001).  The Court finds that these factors outweigh the prejudice suffered by Defendant as a result of his pretrial incarceration and the fact that Defendant asserted his right to a speedy trial prior to commencement of the trial.  See Barker, 407 U.S. at 530; Doggett, 505 U.S. at 651-656; Lam, 251 F.3d at 855-860.

## CONCLUSION

The Court grants Defendant's motion to dismiss the indictment for violation of his right to a speedy trial. The Second Superseding Indictment is dismissed without prejudice.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 14, 2006.



_____
Alan C. Kay
Sr. United States District Judge

United States v. Low, Cr. No. 05-00260 ACK, ORDER DISMISSING INDICTMENT WITHOUT PREJUDICE FOR VIOLATION OF SPEEDY TRIAL ACT.